872 F.2d 352
 52 Ed. Law Rep. 960, 4 Indiv.Empl.Rts.Cas. 481
 Margaret LUETHJE, Plaintiff-Appellant,
v.
The PEAVINE SCHOOL DISTRICT OF ADAIR COUNTY, Richard Acorn,
President of the Peavine Board of Education; Lonnie Martin,
Vice President and Member of the Peavine Board of Education;
John Kester, Clerk and Member of the Peavine Board of
Education; Willie Means, Principal of Peavine School; and
Burl Bigbee, County Superintendent of Schools for Adair
County, Defendants-Appellees.
 No. 87-1528.
 United States Court of Appeals,
Tenth Circuit.
 April 14, 1989.
 
 Louis W. Bullock of Bullock & Bullock, Tulsa, Okl., for plaintiff-appellant.
 Gene L. Mortensen of Rosenstein, Fist & Ringold, Tulsa, Okl., for defendants-appellees.
 Before LOGAN, McWILLIAMS and SEYMOUR, Circuit Judges.
 LOGAN, Circuit Judge.
 
 
 1
 Plaintiff Margaret Luethje was a cafeteria employee from 1984-86 at a school operated by defendant school district. During that time she complained to the principal, school board, and state and county health departments about what she considered unsanitary practices in the cafeteria, which included the serving of spoiled food to children, and the school's refusal to do anything about them. On October 15, 1985, the school board adopted and disseminated the following rule for lunchroom personnel: "If you have any problems, consult [the principal]. Don't take any school problems other places, or discuss it [sic] with others." Brief of Appellant, app. B., exh. 1. The notice additionally stated that if employees "can't accept our wishes and work together agreeably ... other measures will need to be taken." Id. Defendants concede that, the policy was enacted "to address both the external and internal problems reported by [plaintiff] Luethje." Brief of Appellees at 15.
 
 
 2
 Ten days later plaintiff filed suit and alleged that the quoted rule infringed upon her First Amendment right to speak out on issues of public importance. On November 19, 1985, eight days before a hearing was scheduled on plaintiff's motion for a preliminary injunction, the school board removed from the rule the language prohibiting cafeteria employees from discussing school problems with others. Plaintiff then moved to withdraw her request for an injunction on the ground that the board's action effectively gave her the relief she desired. Later, after resigning from her employment with the school district, she dismissed her suit.
 
 
 3
 The question presented is whether plaintiff is entitled to attorney's fees as a "prevailing party" under 42 U.S.C. Sec. 1988. A civil rights plaintiff who does not receive a judicial determination on the merits but who obtains relief from a defendant qualifies as a "prevailing party" if she shows "(1) that [her] lawsuit is causally linked to securing the relief obtained and (2) that the defendant's conduct in response to the lawsuit was required by law." J & J Anderson, Inc. v. Town of Erie, 767 F.2d 1469, 1473, 1475 (10th Cir.1985). In this case, there is no question but that the school board's revision of its rule gave plaintiff the relief she desired. The district court denied attorney's fees, however, finding that plaintiff's suit did not cause the change and that the change was not required by law. The first of these findings we review under the clearly erroneous standard and the second we review de novo. See Supre v. Ricketts, 792 F.2d 958, 962 (10th Cir.1986).
 
 
 4
 We conclude that the district court's causation finding was clearly erroneous. The plaintiff's suit need not have been the sole reason for the defendants' action; it is enough that plaintiff's actions were a significant catalyst or a substantial factor in causing defendants to act. Id.; see also Posada v. Lamb County, Tex., 716 F.2d 1066, 1072 & n. 7 (5th Cir.1983). Here, the sequence of events detailed above strongly indicates that plaintiff's suit was, at the very least, a significant catalyst or substantial factor in causing defendants to change their policy. See Ortiz De Arroyo v. Barcelo, 765 F.2d 275, 282 (1st Cir.1985) (chronology of events is "an important factor" in deciding causation); Posada, 716 F.2d at 1072 (same). In addition, and more importantly, defendants conceded both here and in the trial court that their change in policy was to quell the disharmony caused by plaintiff's complaints. R. Doc. 5 at 10; Brief of Appellees at 15. Indeed, defendants admitted that they challenged plaintiff's fee request in the district court only on the grounds that her claim was meritless. Such a challenge addresses the "required by law" prong of our required analysis, not the causation prong. Plaintiff's failure to introduce further evidence of causation, about which defendants now complain, is excusable in light of defendants' concession of causation, the strong evidence from the sequence of events, and defendants' failure to introduce any evidence about what might have been an alternative cause of defendants' change in policy. Thus, we have a definite and firm conviction that plaintiff's actions caused the school board to act, and we hold that the district court's finding of no causation was clearly erroneous.
 
 
 5
 There is very little in the record or the briefs regarding whether defendants' November 19 change of the rule's language was required by law. Nevertheless, we are satisfied that, reasonably construed in light of the events that gave rise to it, the rule was intended to be a prior restraint on plaintiff's complaints, which we hold were speech of public concern, and was broad enough to prohibit other speech of public concern. It prohibited the cafeteria employees from talking to anyone but the principal about "school problems," and impliedly threatened adverse employment action for breach. It is unnecessary for plaintiff to establish that no court would have given a sufficiently narrowing construction to the rule to render it constitutional. Cf. Grayned v. City of Rockford, 408 U.S. 104, 110, 92 S.Ct. 2294, 2300, 33 L.Ed.2d 222 (1972) (not within federal court's power to construe and narrow state laws). Finally, we hold that defendants' interest in efficient functioning of the school did not override plaintiff's First Amendment rights to the extent necessary to justify the rule the board adopted.
 
 
 6
 In the context of deciding what speech may subject an employee to disciplinary action, the Supreme Court has held that government employees cannot be compelled to give up their First Amendment right to "comment on matters of public interest in connection with the operation of the public schools in which they work." Pickering v. Board of Educ., 391 U.S. 563, 568, 88 S.Ct. 1731, 1734, 20 L.Ed.2d 811 (1968). At the same time, of course, a governmental body also has an interest in performing its work efficiently and effectively. Id.; Connick v. Myers, 461 U.S. 138, 142, 103 S.Ct. 1684, 1687, 75 L.Ed.2d 708 (1983). Thus, whether the board's policy was unconstitutional depends on whether it potentially stifled speech of public concern, and, if so, whether the policy was permissible in any event, considering the interests of both the employee and the district. See Conaway v. Smith, 853 F.2d 789, 795-96 (10th Cir.1988).
 
 
 7
 Plaintiff's complaints about unsanitary practices in the school's cafeteria and the administration's refusal to address them clearly dealt with matters of public concern. This speech can be "fairly considered as relating to [a] matter of political, social or other concern to the community," Connick, 461 U.S. at 146, 103 S.Ct. at 1689, especially since it concerned a government body's negligent or wrongful behavior. See Koch v. City of Hutchinson, 847 F.2d 1436, 1446 n. 17 (10th Cir.), cert. denied, --- U.S. ----, 109 S.Ct. 262, 102 L.Ed.2d 250 (1988); see also Hall v. Ford, 856 F.2d 255, 259 (D.C.Cir.1988) (speech regarding university's violations of athletic rules, which might indicate mismanagement by administration, was of public concern). This conclusion is bolstered by the Supreme Court's broad definition of what constitutes speech of public concern. See, e.g., Rankin v. McPherson, 483 U.S. 378, 107 S.Ct. 2891, 2898, 97 L.Ed.2d 315 (1987) (state employee's remark that she hoped next assassination attempt on President Reagan would be successful, made in context of political discussion, was protected speech of public concern); Pickering, 391 U.S. at 572, 88 S.Ct. at 1736 (teacher's expression of opinion on merits of bond issue was speech of public concern). Thus, the board could not, without overriding justification, attempt to stifle plaintiff's complaints.
 
 
 8
 Our next inquiry must be whether the school's interest in efficient functioning sufficiently outweighed plaintiff's First Amendment rights so as to justify the board's prohibition on public speech by cafeteria employees. See Conaway, 853 F.2d at 795-96. Specifically, once we find that the rule prohibits protected speech, we must find the rule unconstitutional unless the board shows that it is necessary to the effective performance of the school or of the employee. Wren v. Spurlock, 798 F.2d 1313, 1318 (10th Cir.1986), cert. denied, 479 U.S. 1085, 107 S.Ct. 1287, 94 L.Ed.2d 145 (1987). We conclude that the defendants have not met their burden. In balancing competing government and employee interests, we must look at all the facts, including the employer's actions, the affected employees, and the affected speech. Rankin, 107 S.Ct. at 2899. Plaintiff held no "confidential, policymaking, or public contact role" that might justify greater restrictions on her speech, Koch, 847 F.2d at 1452 (citation omitted); see also Rankin, 107 S.Ct. at 2900, nor did the plaintiff's complaints bear negatively on her ability to do her job. Cf. Koch, 847 F.2d at 1449-52. In addition, although plaintiff's complaints apparently created a community controversy, the district introduced no evidence that her speech impaired the discipline and effective operation of the school. See Conaway, 853 F.2d at 797; see also Piver v. Pender County Bd. of Educ., 835 F.2d 1076, 1081 (4th Cir.1987) (though school board has legitimate interest in maintaining harmony among school employees, threat of "turmoil," without other evidence regarding impairment of school's function, cannot justify restrictions on speech of public concern), cert. denied, --- U.S. ----, 108 S.Ct. 2847, 101 L.Ed.2d 885 (1988). Guidelines for school employees' public comments might in some circumstances be permissible, but the broadly worded rule here covered more ground than was necessary to satisfy the school's interest in functioning efficiently.
 
 
 9
 We conclude that plaintiff's actions were a substantial factor in causing the school board's change in policy and that the change was required by law. Thus, having "obtained the substance of what [she] sought," Hewitt v. Helms, 482 U.S. 755, 107 S.Ct. 2672, 2676, 96 L.Ed.2d 654 (1987), plaintiff is a "prevailing party" under 42 U.S.C. Sec. 1988. As such, and because defendants do not argue that an award of fees would be an injustice to them, plaintiff is entitled to her attorney's fees in the instant action. See Chicano Police Officer's Ass'n v. Stover, 624 F.2d 127, 129-30 (10th Cir.1980) (though 42 U.S.C. Sec. 1988 says court "may" award fees to prevailing party, discretion to deny them limited to cases in which award would be unjust). We remand to the district court for such hearings as it may find necessary to establish a reasonable fee for the time plaintiff's attorney spent both in the trial court and on this appeal.
 
 
 10
 REVERSED AND REMANDED.