**Phyllis MOSLEY, Plaintiff,**

v.

**Roland HAIRSTON, et al., Defendants.**

**No. C–1–87–0968.**

United States District Court, S.D. Ohio.

June 5, 1991.

---

916

Stephen Olden, Cincinnati, Ohio, for plaintiff.

Alan Schwepe, Columbus, Ohio, Thomas Deye, Cincinnati, Ohio, for defendants.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court upon plaintiff's motion for attorney fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976 (42 U.S.C. Sec. 1988) (Doc. no. 98). The state and county defendants have filed an opposing memorandum (Doc. no. 103)[1]. For the reasons stated

---

**1.** Plaintiff does not seek fees from the federal defendant, the Secretary of the U.S. Department of Health and Human Services.

below, plaintiff's motion is hereby DE-NIED.

### Factual and Procedural Background

Plaintiff instituted this lawsuit on November 25, 1987, claiming that certain regulations and policies of defendants violated the Social Security Act. On January 6, 1989, this Court granted summary judgment in favor of plaintiff. The Court issued a declaratory judgment that the regulations in issue violated the Social Security Act; enjoined defendants from applying the regulations in the manner of which plaintiff complained; and ordered defendants to pay plaintiff $250 in child support payments withheld from her (Doc. no. 61). In January, 1989, defendants filed motions to alter or amend the judgment on the ground that the Family Support Act of 1988, effective January 1, 1989, had mooted the controversy (Doc. nos. 63, 64, 66). The Court denied defendants' motions on March 20, 1989 (Doc. no. 73).

The state and federal defendants appealed the district court judgment. The United States Court of Appeals for the Sixth Circuit issued its decision on December 4, 1990. *Mosley v. Hairston*, 920 F.2d 409 (6th Cir.1990). The Court held that the following intervening events had mooted the issues covered by this Court's declaratory judgment and injunction: (1) The United States Congress enacted the Family Support Act of 1988, which changed the wording of the statutes on which defendants' regulations were based in a manner favorable to plaintiff; (2) the Secretary of the U.S. Department of Health and Human Services (Secretary) issued an Action Transmittal on November 18, 1988, which advised relevant state agencies of the enactment of the Family Support Act; (3) the Secretary issued a Notice of Proposed Rulemaking, 54 Fed.Reg. 37,866, dated September 13, 1989, that reflected the change in the law; and (4) the Director of the Ohio Department of Human Services amended Ohio Admin.Code Sec. 5101:1–23–221(D) effective March 1, 1989, to conform with the change in the law. The Court of Appeals noted that the above state and federal regulations address plaintiff's complaint and establish procedures that accomplish the result ordered by the district court's declaratory judgment and injunction. The Court found no ambiguity in the 1988 Act and no reasonable expectation that the wrong complained of would be repeated. The Court noted that,

> Even if the case was not moot at the time of the district court's decision, the actions of the state and federal defendants since that time have demonstrated that there is no reasonable likelihood 'that the wrong will be repeated'.

The Court found that there was no reasonable basis for assuming that the state and federal defendants would fail to comply with the requirements of the Family Support Act or to follow the proposed and adopted regulations: therefore, the claims for declaratory and injunctive relief were moot.

The Court of Appeals also determined that because plaintiff's claims for injunctive and declaratory relief were moot, no jurisdictional basis for an award of benefits existed. The Court concluded that upon remand, the district court must dismiss the entire action with prejudice.

This Court issued an order complying with the mandate of the Court of Appeals on February 8, 1991 (Doc. no. 95). On February 25, 1991, plaintiff filed a motion to alter or amend the judgment to specify that the judgment against the county defendants survived the Court of Appeals' decision. (Doc. no. 96). This Court denied the motion to alter or amend the judgment on April 24, 1991 (Doc. no. 105).

### Applicable Law

Title 42 U.S.C. Sec. 1988 provides, in pertinent part, that:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

■ The Court's discretion to award attorney fees is not unlimited. The prevailing party should ordinarily recover attorney fees unless there are special circumstances which would render a fee award unjust. *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983).

■ To be considered a prevailing party, plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between herself and defendants. *Texas State Teachers Asso. v. Garland Indep. School District*, 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). The plaintiff must have succeeded on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing suit. *Hensley*, 461 U.S. at 429, 103 S.Ct. at 1937. A declaratory judgment constitutes relief on the merits only if it affects defendant's behavior toward the plaintiff. *Rhodes v. Stewart*, 488 U.S. 1, 4, 109 S.Ct. 202, 203, 102 L.Ed.2d 1 (1988).

■ Plaintiff need not obtain a favorable judgment on the merits in order to be considered a prevailing party. *Hewitt v. Helms*, 482 U.S. 755, 760, 107 S.Ct. 2672, 2675, 96 L.Ed.2d 654 (1987). In the absence of a formal judgment, plaintiff may be considered a prevailing party if her lawsuit was a catalyst that caused defendant to make significant changes in its past practices. *Loudermill v. Cleveland Bd. of Educ.*, 844 F.2d 304, 312 (6th Cir.1988), *cert. denied*, 488 U.S. 946, 109 S.Ct. 377, 102 L.Ed.2d 365 (1988). The United States Court of Appeals for the Sixth Circuit has adopted a two-prong standard for determining whether a lawsuit was a sufficient catalyst for plaintiff to be considered the prevailing party. *Farrell, et al. v. Internat'l. Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America*, 899 F.2d 14 (6th Cir.1990) (unpublished opinion). First, the lawsuit must be causally connected to securing the relief obtained. *Id.* (*citing Johnston v. Jago*, 691 F.2d 283, 286 (6th Cir.1982)). Second, plaintiff must establish some minimum basis in law for the relief secured. *Id.* (*citing Nadeau v. Helgemoe*, 581 F.2d 275 (1st Cir.1978)). The chronology of events following initiation of the lawsuit is an important factor in determining causation. *Id.* (*citing Luethje v. Peavine School District*, 872 F.2d 352 (10th Cir.1989)).

■ If a case is moot when judgment is rendered, the judgment can afford plaintiff no relief. *Rhodes*, 488 U.S. at 4, 109 S.Ct. at 203. However, several courts have held that if a case becomes moot between the time of the district court judgment and the time a decision is rendered on appeal, plaintiff may recover fees if she obtained the result she desired and can be considered a prevailing party. *See e.g., Williams v. Alioto*, 625 F.2d 845, 847 (9th Cir.1980); *Bishop v. Committee on Professional Ethics & Conduct of Iowa State Bar Asso.*, 686 F.2d 1278 (8th Cir.1982). Before the district court can award attorney fees in such a case, the record must demonstrate a causal connection between the lawsuit and the relief obtained. *Iranian Students Asso. v. Sawyer*, 639 F.2d 1160, 1163 (5th Cir.1981).

## Opinion

Plaintiff claims that she is entitled to attorney fees because the district court awarded her the relief she sought and the controversy became moot only as the result of developments that occurred subsequent to the district court judgment. Plaintiff further contends that the lawsuit was a catalyst which produced the desired changes in defendants' regulations and policies.

Defendants contend that this court lacks jurisdiction to consider the motion for attorney fees since the Court of Appeals instructed the district court to dismiss the entire case with prejudice. Defendants further claim that the case was moot when the district court entered judgment; plaintiff's lawsuit was not a catalyst for change; and special circumstances exist which would make an award of attorney fees unjust.

■ Assuming that this Court has jurisdiction to consider plaintiff's request for attorney fees, the Court finds that such an

award is not warranted. The outcome of the appeal was not a "mixed result" as plaintiff contends. Rather, the appellate court vacated and reversed the judgment of the district court in its entirety. The decision on appeal leaves no doubt that plaintiff is not entitled to any of the relief awarded by the district court. For these reasons, plaintiff is not a prevailing party in the sense that she secured a favorable judgment on the merits.

Nonetheless, plaintiff could be considered a prevailing party if the controversy became moot after the district court judgment but prior to the decision on appeal, and if she obtained at least some of the relief she sought as a result of the lawsuit. Although plaintiff claims that this controversy became moot only after the district court entered its judgment, the Court of Appeals' opinion suggests otherwise. Among the intervening events which the Court of Appeals listed as having mooted plaintiff's claims were Congress' enactment of the Family Support Act of 1988, which the Court found to be unambiguous, and issuance of the Action Transmittal. Both of these actions took place prior to the district court's judgment. Accordingly, it appears that plaintiff's claims for injunctive and declaratory relief were mooted by events that occurred before the district court entered judgment.

Assuming that such claims became moot only after entry of the district court judgment, the mere fact that plaintiff obtained a favorable judgment at the district court level does not entitle her to attorney fees. Rather, under the circumstances of this case, plaintiff must demonstrate a causal connection between the litigation and the changes in defendants' regulations and policies in order to establish that she achieved at least some of the benefit she sought by bringing suit. In the absence of a causal link, the district court judgment amounts to only a temporary victory of no real benefit to plaintiff.

Plaintiff relies solely on the chronology of events in support of her contention that the litigation was a catalyst for the changes in defendants' regulations and policies. Specifically, plaintiff notes that the state defendant amended the pertinent Ohio regulation, which amended version conformed with this Court's order of January 6, 1989, six months prior to the date that the Secretary proposed new regulations to implement the changes wrought by the Family Support Act. The implication plaintiff makes is that because the State acted before the Secretary, it must have done so as a result of this lawsuit rather than in response to Congress' amendment of federal law. However, plaintiff offers no evidence to support this theory.[2] Because changes in federal law made it incumbent upon the State to amend its regulation, the fact that the State acted more quickly than the Secretary in amending the pertinent regulations does not suggest that this lawsuit prompted the State's action.

With regard to the County, plaintiff does not point to any changes in County policy that allegedly resulted from this lawsuit. For these reasons, the Court is not persuaded that plaintiff is entitled to attorney fees under a catalyst theory.

### Conclusion

Assuming this Court has jurisdiction over plaintiff's claim for attorney fees, the Court finds that plaintiff is not a prevailing party for purposes of Sec. 1988. Accordingly, the motion for attorney fees is not well-taken. In light of the Court's disposition of this matter, the state defendant's motion for protective order (Doc. no. 106) is moot.

It is hereby ORDERED that plaintiff's motion for attorney fees is DENIED and

---

2. After she filed the motion for attorney fees, plaintiff requested an extension of time in which to file a reply to defendants' memorandum in opposition to the motion for the purpose of deposing certain individuals in an effort to demonstrate that this litigation was a catalyst for the change in defendants' regulations.

Plaintiff is not entitled to further time at this late date in which to gather evidence in support of her theory, particularly in view of the fact that plaintiff did not even hint at the existence of any additional evidence in support of her catalyst theory in the motion for attorney fees.

defendant's motion for protective order is DENIED as moot.

IT IS SO ORDERED.