**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FRED GUTHRIE IVEY, JR.,
Plaintiff-Appellant,

v.

J. FRANK YEAGER, Dr., both in his
personal capacity and in his official
capacity as Superintendent of the
Buncombe County Schools; THE
BUNCOMBE COUNTY BOARD OF
EDUCATION; M. WENDELL BEGLEY, in
his official capacity as Chairman of

No. 97-1627

the Buncombe County Board of
Education; CHARLES JOHNSON;
MICHAEL ANDERS; WILLIAM D.
WILLIAMS; GRACE BRAZIL; BRUCE
GOFORTH; TERRY ROBERTSON,
members of the Board of Education
of Buncombe County sued in their
official capacity as members of the
Board of Education,
Defendants-Appellees.

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CA-96-97-1)

Submitted: November 25, 1997

Decided: April 3, 1998

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles R. Brewer, Asheville, North Carolina, for Appellant. James
G. Middlebrooks, Brian D. Barger, SMITH, HELMS, MULLISS &
MOORE, L.L.P., Charlotte, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Fred Guthrie Ivey, Jr., appeals from the district court's grant of the
defendant's summary judgment motion in an action brought under 42
U.S.C. § 1983 (1994), the First and Fourteenth Amendments to the
United States Constitution and the North Carolina Constitution. Find-
ing no error, we affirm.

The gravamen of Ivey's complaint concerned adverse employment
actions allegedly taken in violation of his right to petition the Govern-
ment for redress of grievances. Allegedly, the adverse actions were
based upon Ivey's purported pursuit of a lawsuit and his refusal to
sign a release abandoning any legal claims he had against the Bun-
combe County Board of Education (the "Board") or any of its
employees.

Ivey was a tenured high school principal. In November 1994, Ivey
was informed by Yeager, the school superintendent, that a purchase
order prepared by Ivey may have been in violation of public school
law. A subsequent audit revealed that Ivey had violated a state crimi-
nal statute. Yeager offered Ivey three options: (1) he could accept a
demotion to a teaching position; (2) he could resign; or (3) he could

2

face dismissal proceedings. In January 1995, after continued negotiations and consultation with his attorney, Ivey requested a transfer to a teaching position for personal reasons. Yeager accepted the terms Ivey set forth in his request. Ivey's wife then wrote letters to members of the Board informing them that her husband was pressured by Yeager to request a transfer. Yeager then learned from a supporter of Ivey's that Ivey had met with a new lawyer and discussed suing the Board.

In February 1995, Yeager presented Ivey with a proposed modified written agreement concerning the transfer and a written release of claims against the Board. According to Ivey, Yeager intended on recommending that he be dismissed if he did not sign the documents. Of concern to Yeager was Ivey's apparent contention that his request for a transfer was not voluntary and the possibility of a law suit. Ivey refused to sign the documents.

In March 1995, Ivey was informed that there were other improprieties allegedly committed by him involving his oversight of the school and he was given an opportunity to respond. In late March 1995, Yeager informed Ivey of his intent to suspend him without pay and to recommend to the Board that he be dismissed. He also rescinded the transfer agreement because Ivey had contended that he did not enter the agreement voluntarily. In April 1995, Ivey was presented with a formal letter of immediate suspension. The grounds for Ivey's suspension were upheld by a panel of the State Professional Review Committee. After a hearing before the Board, Ivey was dismissed.

This Court reviews a district court grant of a motion for summary judgment de novo. See Nguyen v. CNA Corp., 44 F.3d 234, 236-37 (4th Cir. 1995). A summary judgment motion should only be granted if there is no genuine dispute as to an issue of material fact and the moving party is entitled to judgment as a matter of law. Id. (citing Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

As the district court properly concluded, with regard to Ivey's claim that his First Amendment right to petition the government for redress was violated, Ivey failed to show that he was prevented from speaking as a private citizen on matters of public concern. See

3

Connick v. Myers, 461 U.S. 138 (1983); see also Rendish v. City of Tacoma, 123 F.3d 1216 (9th Cir. 1997).

There is no indication that Ivey's pursuit of a civil lawsuit was nothing more than a disgruntled employee seeking to air his grievances. See Huang v. Board of Governors of Univ. of N.C., 902 F.2d 1134, 1140 (4th Cir. 1990). Furthermore, there is no indication that the release chilled his opportunities to speak as a private citizen concerning matters of public concern. See Luethje v. Peavine Sch. Dist. of Adair County, 872 F.2d 352, 355 (10th Cir. 1989).

In addition, Ivey was provided with all the pre-deprivation process that he was due. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985). Insofar as Ivey asserts that Yeager ignored the process by having predetermined the disposition, he is asserting that Yeager's conduct was random and unauthorized, for which there were adequate post-deprivation remedies. See Zinermon v. Burch, 494 U.S. 113, 115 (1990). Ivey's substantive due process claim will not be reviewed by this Court because the source of the claim is a specific constitutional guarantee. See Winfield v. Bass , 106 F.3d 525, 530 n.2 (4th Cir. 1997) (citing Graham v. Connor, 490 U.S. 386 (1989)); see also Albright v. Oliver, 510 U.S. 266, 273 (1994) (plurality opinion).

Finally, Ivey's state constitutional claims must also fail. A litigant who asserts violations of state constitutional rights may bring an action under the North Carolina constitution only if there is an absence of state remedies. See Hughes v. Bedsole , 48 F.3d 1376, 1383 n.6 (4th Cir. 1995). North Carolina provides judicial review of a Board's decision to dismiss a tenured principal. See N.C. Gen. Stat. §§ 115C-40, 115C-325(n) (1983). In fact, Ivey initiated an action under these provisions asserting the state constitutional claims raised in the federal action. However, he withdrew that action prior to a decision on the merits.

Accordingly, we affirm the district court's grant of summary judgment in favor of the Defendants. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument will not aid in the decisional process.

AFFIRMED

4