Charles JOHNSTON, Plaintiff-Appellee,

v.

Arnold R. JAGO, et al., Defendants-Appellants.

No. 81–3433.

United States Court of Appeals, Sixth Circuit.

Argued June 15, 1982.

Decided Oct. 22, 1982.

Allen P. Adler, Asst. Atty. Gen., Columbus, Ohio, for defendants-appellants.

Alexander M. Spater, Spater, Gittes & Terzian, Columbus, Ohio, for plaintiff-appellee.

Before KEITH and KRUPANSKY, Circuit Judges and WEICK, Senior Circuit Judge.

KRUPANSKY, Circuit Judge.

This is an appeal from the Southern District of Ohio in which the defendants-appellants, Arnold Jago, the Southern Ohio Correctional Facility (SOCF), and the Ohio Department of Rehabilitation and Corrections urge reversal of the district court's order adopting the report of a magistrate and granting the plaintiff-appellee, Charles Johnston (Johnston), attorney's fees pursuant to 42 U.S.C. § 1988 in his civil rights action.

The factual background of this case is not in dispute. Plaintiff Johnston was removed from his employment as a correction officer at the SOCF in Lucasville, Ohio on July 11, 1977 allegedly for failing to report "violence and other criminal acts" and for destruction of property at the SOCF. On September 28, 1977, Johnston filed a complaint in the Southern District of Ohio asserting that his discharge resulted from his appearance as a witness in a previous civil rights action before the District Court for the Southern District of Ohio and was therefore a violation of his First and Fourteenth Amendment rights.

The defendants responded to Johnston's complaint with a motion to dismiss for lack of subject matter jurisdiction. The lower court denied defendants' motion, holding, *inter alia* that plaintiff's complaint stated a direct cause of action under the Constitution and therefore, that jurisdiction was proper under 28 U.S.C. § 1331. The district court observed, however, that "[t]he plaintiff's contention that [28 U.S.C.] § 1343 supports claims under [42 U.S.C.] § 1983 is correct but inapplicable since no jurisdiction under § 1983 has been invoked in the complaint." Thereafter, Johnston filed an amended complaint specifically alleging a cause of action under § 1983.

While thus maintaining an action in the district court, Johnston was also prosecuting an appeal of his dismissal before the State of Ohio Personnel Board of Review. A settlement of that proceeding was concluded and the settlement agreement was filed with the Board of Review on January 5, 1978. That agreement provided:

1. The Appellee [SOCF] shall withdraw the order of removal dated July 11, 1977.

2. Personnel records kept by the Appellee and the Department of Administrative Services shall be expunged so that the removal of the Appellant [Johnston] is not reflected.

3. With the execution of this document, the Appellant resigns from his position with the Appellee, effective January 2, 1978 at the close of business.

4. The Appellant shall receive all benefits of a Correction Officer that accrued during the time period from July 11, 1977 (3:00 p. m.) through January 2, 1978 at the close of business excluding any outside source of income as disclosed by Appellant through affidavit.

5. Upon the execution of this document, the Appellant shall withdraw his appeal before the State Personnel Board of Review.

6. The Appellant shall take all steps necessary to effectuate a withdrawal of any pending Federal or State court cases which were initiated by the Appellant and were based upon his employment relationship with the Appellee.

7. The Appellee shall take all necessary steps to effectuate a withdrawal of any unemployment compensation appeal which was initiated by the Appellee and based upon Appellant's employment.

The defendants, on August 20, 1980, moved to dismiss the district court action because of the provisions of paragraph 6 of the Settlement Agreement. This motion was denied however, and a hearing was conducted before a magistrate limited to the issue of attorney's fees. Following the hearing the magistrate issued a Report and Recommendation in which he found that the plaintiff should be awarded attorney's fees for 8.5 hours of work at a rate of $60.00 per hour for a total of $510.00. The district judge overruled the defendants' objections to the Report and Recommendation and, after granting an additional $450.00 for hearing and post-hearing labor, approved the Report. This appeal ensued.

The Civil Rights Attorney's Fees Award Act of 1976, as codified in 42 U.S.C. § 1988, provides:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

It is now beyond dispute, and defendants concede, that a party may be considered a "prevailing party" and thus recover attorney's fees under § 1988 despite the fact that the case concludes in a settlement. As the Supreme Court stated in *Maher v. Gagne,* 448 U.S. 122, 129, 100 S.Ct. 2570, 2575, 65 L.Ed.2d 653 (1980):

The fact that respondent prevailed through a settlement rather than through litigation does not weaken her claim to fees. Nothing in the language of § 1988 conditions the District Court's power to award fees on full litigation of the issues or on a judicial determination that the plaintiff's rights have been violated. Moreover, the Senate report expressly stated that "for purposes of the award of counsel fees, parties may be considered to have prevailed when they vindicate rights through a consent judgment or without formally obtaining relief." S.Rep.No. 94–1011, p. 5 (1976), U.S.Code Cong. & Admin.News 1976, pp. 5908, 5912.

However, as this Court recently observed, the state of the law is unclear with respect to the standard to be employed in determining whether a party to settled litigation "prevailed" for purposes of § 1988. *Kentucky Association for Retarded Citizens v. Conn,* 674 F.2d 582, 587 (6th Cir. 1982).[1] Presently there exists a split of authority among the circuits concerning this issue.

The First Circuit, in *Nadeau v. Helgemoe* 581 F.2d 275 (1st Cir. 1978), propounded one standard which is currently in use. In *Nadeau* the plaintiffs sought attorney's fees in connection with their civil suit challenging allegedly unconstitutional conditions of confinement at the New Hampshire State Prison. The suit terminated in a consent decree. Although acknowledging that the consent decree resulted in improved conditions for the plaintiffs, the district court declined to award attorney's fees because the defendants had acted in good faith.

---

1. Because the propriety of apportioning fee awards to reflect the extent to which a plaintiff has prevailed is not before the Court on this appeal, it is unnecessary, unlike the situation in *Kentucky Association for Retarded Citizens v.* *Conn, supra,* to await the Supreme Court's decision in a pending case presenting this issue. *Hensley v. Eckerhart,* 664 F.2d 294 (8th Cir. 1981), *cert. granted,* 455 U.S. 988, 102 S.Ct. 1610, 71 L.Ed.2d 847 (1982).

On appeal the First Circuit rejected the lower court's consideration of defendants' motivation in favor of a two-pronged approach. First, in order to qualify as a "prevailing party," a plaintiff must demonstrate that his or her lawsuit was causally related to securing the relief obtained. This determination is factual.

Secondly, plaintiff must establish some minimum basis in law for the relief secured. As stated by the First Circuit:

Even if plaintiffs can establish that their suit was causally related to the defendants' actions which improved their condition, this is only half of their battle. The test they must pass is legal as well as factual. If it has been judicially determined that defendants' conduct, however beneficial it may be to plaintiffs' interests, is not required by law, then defendants must be held to have acted gratuitously and plaintiffs have not prevailed in a legal sense.

*Id.* 581 F.2d at 281. The Court in *Nadeau* proceeded to emphasize that this legal inquiry does not entail full trial on the merits. Rather, the trial court need only consider whether the plaintiff's claim is "frivolous, unreasonable or groundless." *Id., quoting, Christianburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).

The *Nadeau* standard has recently been approved by the Seventh Circuit in *Harrington v. Devito,* 656 F.2d 264 (7th Cir. 1981), *cert. denied,* 455 U.S. 993, 102 S.Ct. 1621, 71 L.Ed.2d 854 (1982), and the Eighth Circuit in *United Handicapped Federation v. Andre,* 622 F.2d 342 (8th Cir. 1980) (applying the test to a request for fees under the Rehabilitation Act of 1973, 29 U.S.C. § 794a(b)). *See also, Williams v. Leatherbury,* 672 F.2d 549, 551 (5th Cir. 1982); *Gurule v. Wilson,* 635 F.2d 782, 792 (10th Cir. 1980).

A second line of authority obtains in the Fourth Circuit. Under this standard, the trial court pursues the following course: [The] initial focus might well be on establishing the precise factual/legal condition that the fee claimant has sought to change or affect so as to gain a benefit or be relieved of a burden. With this condition taken as a benchmark, inquiry may then turn to whether as a quite practical matter the outcome, in whatever form it is realized, is one to which the plaintiff fee claimant's efforts contributed in a significant way, and which does involve an actual conferral of benefit or relief from burden when measured against the benchmark condition.

*Bonnes v. Long,* 599 F.2d 1316, 1319 (4th Cir. 1979), *cert. denied,* 455 U.S. 961, 102 S.Ct. 1476, 71 L.Ed.2d 681 (1982). *See also, DeMier v. Gondles,* 676 F.2d 92 (4th Cir. 1982); *Kenley v. Young,* 641 F.2d 192 (4th Cir. 1981) *cert. denied,* 455 U.S. 961, 102 S.Ct. 1476, 71 L.Ed.2d 681 (1982).

As Justice Rehnquist, joined by Justice O'Connor, noted in dissenting from the denial of certiorari in *Bonnes v. Long, supra* and *Kenley v. Young, supra,* this test "focuses only on the factual question of whether the lawsuit caused a change favorable to the plaintiff." 455 U.S. at 963, 102 S.Ct. at 1477. Thus a claim's legal sufficiency, or lack thereof, is apparently irrelevant under this test.

■ Upon due consideration, this Court concludes that the test articulated in *Nadeau v. Helgemoe, supra,* accurately defines the parameters of a plaintiff's entitlement to attorney's fees under § 1988 following settlement of an action. In our view, the *Nadeau* test strikes the proper balance between rewarding the filing of wholly frivolous lawsuits on the one extreme and, on the other extreme, withholding fees unless the plaintiff's claim is fully evaluated on the merits.

■ Applying that test to the matter at bar, it is apparent the award of attorney's fees must be upheld. With respect to the first prong of the test, a hearing was conducted before a magistrate at which plaintiff's attorney and the attorney who had represented the SOCF in the administrative action testified. The magistrate concluded, and the lower court approved the conclusion, that the plaintiff's civil action was

causally linked to the relief achieved by the plaintiff through settlement of the State Personnel Board proceeding. While the evidence on this point is susceptible to a contrary resolution, this Court cannot characterize the finding as clearly erroneous.

As indicated, the second prong of the test is legal in nature, essentially requiring a determination of whether the plaintiff's claim is frivolous. Although the defendants have advanced certain potential defenses to the action, the plaintiff's basic claim—that he was discharged due to his testimony—is certainly not patently frivolous.

Accordingly, the plaintiff has satisfied both prongs of the applicable test and is therefore a "prevailing party" within the scope of § 1988.

It should be noted that the defendants have maintained that principles enunciated in other cases permitting attorney's fee awards subsequent to settlement are inapposite because in the instant case settlement was negotiated in a separate, related proceeding and not in the case wherein the fees were awarded. This distinction is of no consequence. For example, in *Sullivan v. Commonwealth of Pa. Dept. of Labor and Industry, Bureau of Vocational Rehabilitation,* 663 F.2d 443 (3rd Cir. 1981), *cert. denied,* 455 U.S. 1020, 102 S.Ct. 1716, 72 L.Ed.2d 138 (1982) a female employee requested her union to file a grievance on her behalf contending that she had been discriminated against because of her sex in violation of the collective bargaining agreement. Two months later the employee filed a sex discrimination charge with the EEOC pursuant to § 706(b) of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–5(b).

The grievance was denied by the woman's employer. The EEOC, however, found probable cause to believe that the employer had engaged in an unlawful employment practice. Because of the EEOC's determination, the union elected to proceed to grievance arbitration. In the meantime the plaintiff instituted a Title VII/§ 1983 action in the district court.

The arbitrator sustained the plaintiff's grievance and ordered that she be retroactively promoted with back pay. This relief mooted her requests for relief in the district court action. Nevertheless, the plaintiff filed a request for attorney's fees under § 706(k) of Title VII.[2] The district court denied the request.

The Third Circuit Court of Appeals reversed, stating, "a plaintiff can receive attorneys' fees even if the causal link between the civil rights suit and the relief obtained is not as direct as when the case is completely adjudicated in the district court itself or formally settled with the defendants in the context of the civil rights proceeding." *Id.* at 448. Similarly, in the case at bar, the requisite causal connection was established and thus, the mere fact that relief was formally obtained in the Personnel Board of Review proceeding does not preclude the award of attorney's fees.

One final issue deserves brief comment. The hours of labor for which the lower court granted attorney's fees were expended *prior* to the filing of the amended complaint which specifically alleged a § 1983 claim. Thus, it could be argued that since § 1988 specifically enumerates the types of actions for which attorney's fees are awardable and because, prior to the filing of the amended complaint, plaintiff failed to allege such an action, the lower court erred in awarding fees for those hours.

However, in the instant case, while the initial complaint failed to specifically invoke § 1983, the factual allegations of the complaint supported such an action. Indeed, the amended complaint did no more than simply insert a reference to the statute and did not add facts to the prior pleading. Obviously then, time accrued prior to the amended complaint, while perhaps technically limited to pursuit of a direct action under the Constitution, nevertheless aided

---

2. Section 706(k) is identical in all material respects to § 1988 and cases interpreting § 706(k) are thus applicable to this proceeding. *See e.g. Sullivan v. Commonwealth of Pennsyl-* *vania, Dept. of Labor and Industry, Bureau of Vocational Rehabilitation, supra* at 447, n. 5; *Chicano Police Officer's Ass'n v. Stovers,* 624 F.2d 127 (10th Cir. 1980).

the plaintiff in his attempt to enforce § 1983.

Moreover, the Court notes that the defendants were not unfairly prejudiced by the award of fees for these hours. The defendants never asserted that, due to the plaintiff's failure to initially invoke § 1983, they labored under a belief that § 1988 would not support an award of fees for those hours. Indeed, the defendants failed to address the issue until directed to do so by the Court during oral argument.[3] In sum, the Court concludes that the district court acted within its discretion in awarding fees for the hours expended prior to the filing of the amended complaint.

In accordance with the foregoing, the lower court's order awarding attorney's fees is hereby AFFIRMED.

---

3. Similarly, neither party considered the potential applicability of the "relation back" provisions of Rule 15(c), Fed.R.Civ.P. Accordingly, the Court finds it inexpedient to do so.