863 F.2d 49
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas L. MEROS, Plaintiff-Appellant, Cross-Appellee,
v.
CITY OF EUCLID, Defendant-Appellee, Cross-Appellant.
 Nos. 87-3519, 87-3631.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1988.
 
 Before CORNELIA G. KENNEDY and WELLFORD, Circuit Judges and HERMAN J. WEBER*, District Judge.
 I.
 WELLFORD, Circuit Judge.
 
 
 1
 This interesting appeal arises out of the district court's denial of attorney fees sought by Thomas L. Meros (Meros) pursuant to 42 U.S.C. Sec. 1988. The critical issue is whether Meros was the "prevailing party" in his lawsuit based upon 42 U.S.C. Sec. 1983 and brought against the City of Euclid, Ohio (the City).
 
 II.
 
 2
 On October 26, 1983, Meros, a lawyer and a candidate for the City Council in a 1983 election, filed this action pursuant to 42 U.S.C. Sec. 1983 seeking a declaratory judgment that Ordinance 75-1982 of the City was an unconstitutional limitation upon free political expression. He sought a temporary restraining order and a preliminary and permanent injunction against further enforcement of this ordinance, which permitted "political graphics" for a period of not more than 17 days before and 5 days after an election to be located within an occupied residence as window graphics, but otherwise completely banned political lawn signs in residential areas. Meros named as defendants and sought to enjoin the City, the City Council, and 12 City officials, but his motions for a temporary restraining order and a preliminary injunction were denied.
 
 
 3
 After the institution of Meros' lawsuit, several citizens of the City were arrested for displaying political signs in their respective front yards in violation of the challenged ordinance. On November 25, 1983, these individuals entered pleas of no contest in the Euclid Municipal Court, were found guilty, and fined. Those convictions were timely appealed to the Court of Appeals for Cuyahoga County, Ohio.
 
 
 4
 In February of 1984, the district court conducted a bench trial in Meros' lawsuit, and took the matter under advisement. On March 6, 1984, all defendants except the City were dismissed from the lawsuit. Thereafter, on August 15, 1984, the district court ruled that the ordinance was unconstitutional on its face to the extent that it prohibited political signs in residential areas but allowed commercial or rental signs. The district court therefore enjoined the ordinance's enforcement. One week later, on August 22, 1984, Meros filed a request for attorney fees and costs pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. Sec. 1988. The City noticed its appeal on the merits of the district court's order thereafter. Prior to taking its appeal, however, the City Council suspended Ordinance 75-1982 and adopted Ordinance No. 160-1984 as an amendment, which retained the restriction that political graphics could only be displayed 17 days before and 5 days after an election, but deleted the requirement that the graphics be located in a window.
 
 
 5
 Within a month the Ohio Court of Appeals ruled in an appeal from the criminal action that Ordinance 75-1982 was unconstitutional under the Free Speech Provisions of both the Ohio and the United States Constitutions, and reversed the Euclid Municipal Court convictions for violation of that ordinance. Euclid v. Mabel, 19 Ohio App.3d 235, 484 N.E.2d 249 (Ohio App.1984). Meros, an attorney, and his counsel in his own Sec. 1983 action represented the convicted individuals on appeal in these state court proceedings.
 
 
 6
 Thereafter, this court rendered a decision in the City's appeal from the district court's judgment in favor of Meros on his Sec. 1983 claim, holding:
 
 
 7
 The Ohio Court of Appeals' decision invalidating the ordinance and rendering it void and unenforceable under the Ohio Constitution has now become final, and since plaintiff asked only for declaratory and injunctive relief, no decision of this Court based on Federal law could have any effect on the parties ... This ruling bars the City of Euclid from enforcing the ordinance just effectively as if it had been repealed. Accordingly, we vacate the District Court judgment on grounds of mootness and dismiss the appeal.
 
 
 8
 Meros v. City of Euclid, No. 84-3786 (6th Cir., Oct. 21, 1985). At oral argument before this court on the prior appeal, the City's counsel, when asked whether the ordinance in question had been repealed and whether that action might render the appeal moot, responded that the City had suspended the ordinance by adopting temporary regulations but only pending appeal and not as a final measure.
 
 
 9
 On October 28, 1985, Meros filed a supplemental request for attorney fees and costs incurred in preparation for the appeal of the district court judgment. The district court conducted a hearing on Meros' motions for attorney fees and costs, and denied Meros' request. Although the district court found that the 215.1 total hours listed by Meros' counsel in his affidavits were reasonable, and further found that $100 per hour was a reasonable hourly rate to be paid, the district court determined that Meros could not be considered a prevailing party under 42 U.S.C. Sec. 1988 because this court had vacated the district court's judgment in favor of Meros.
 
 
 10
 Meros timely filed this appeal challenging the denial of attorney fees and costs. The City timely filed a cross-appeal challenging the district court's determination of reasonable hours and a reasonable rate in the event that this court should conclude that Meros was a prevailing party within the meaning of 42 U.S.C. Sec. 1988.
 
 III.
 
 11
 The Civil Rights Attorney Fees Award Act of 1976, amending 42 U.S.C. Sec. 1988, provides in relevant part:
 
 
 12
 In any action or proceeding to enforce a provision of Secs. 1981, 1982, 1983, 1985, and 1986 of this Title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.
 
 
 13
 Whether a party has prevailed for purposes of Sec. 1988 is a threshold determination which must be made before the statute is applied. Hensley v. Eckerhart, 461 U.S. 424 (1983). A plaintiff may be considered a prevailing party if he succeeds on any significant issue in litigation which achieves some of the benefits sought in the suit. Hensley, 461 U.S. at 433. A plaintiff need not obtain a formal judgment in order to qualify for a fee award:
 
 
 14
 For example, a party may be considered to be "prevailing" if the litigation successfully terminates by a consent degree, an out-of-court settlement, a voluntary cessation of the unlawful practice by the defendant, or other mooting of the case where the plaintiff has vindicated his right.
 
 
 15
 Doe v. Busbee, 684 F.2d 1375, 1379 (11th Cir.1982); see also Northcross v. Board of Education of Memphis City Schools, 611 F.2d 624 (6th Cir.1979), cert. denied, 447 U.S. 911 (1980); Johnston v. Jago, 691 F.2d 283 (6th Cir.1982); Conservation Law Foundation of New England, Inc. v. Secretary of the Interior, 790 F.2d 965 (1st Cir.1986).
 
 
 16
 We have adopted the "catalyst" theory of entitlement to fees where the civil rights claimant obtains relief through some means other than a formal judgment. Under this theory the plaintiff must first establish some basis in law for his claim. Second, he must demonstrate that his lawsuit was the cause of the change in the defendant's behavior that provided the relief. The first inquiry is a legal one, the second is factual. Johnston; see also Dover v. Rose, 709 F.2d 436 (6th Cir.1983).
 
 
 17
 In the instant case, Meros has clearly established the first element of the test. The district court granted Meros full relief. With respect to this initial inquiry, the fact that the district court's judgment was later vacated by this court is not controlling. This is not a situation where the district court's judgment was vacated or reversed because of an intervening change in law that rendered the judgment invalid. We did not examine Meros' claims on their merits, but simply abstained from taking federal judicial action in the face of a state court ruling that was controlling and granted the relief sought. This holding did not suggest that Meros was not entitled to relief under federal law because his claim was not meritorious.
 
 
 18
 The more difficult issue presented by this appeal is whether Meros brought about the change in the City's behavior that afforded him relief. Meros contends that he has satisfied this requirement because the City repealed the unconstitutional ordinance prior to the Ohio state court ruling. The City responds that the ordinance was merely suspended as a temporary measure and was only permanently repealed following the state court ruling. It contends that, in any event, the emergency ordinance enacted pending appeal continued to place limitations upon Meros' right to display a political lawn sign, and because of those time limitations, Meros would have been unable to display a political lawn sign prior to the state court ruling.
 
 
 19
 Meros and amicus curiae concede that the only change in the City's behavior caused by Meros was the repeal of the unconstitutional ordinance and its replacement with a temporary measure, and that any action taken by the City following this court's decision cannot be said to be the result of Meros' lawsuit. Therefore, although Meros or others similarly situated may have ultimately obtained complete relief, the issue is whether the minimal, temporary relief caused by his lawsuit was sufficient to accord Meros the status of prevailing party.
 
 
 20
 The district court simply concluded that because this court had vacated its judgment in favor of Meros, he could not be considered a prevailing party for purposes of awarding attorney fees. We remand this matter to the district court for consideration of whether the temporary repeal of the ordinance and its replacement with an ordinance that permitted political yard signs, even with continued time limitations, was effectually brought about by Meros' lawsuit, and whether that degree of success entitles Meros to be deemed a prevailing party. The district court should inquire whether the City later permanently enacted the temporary regulation that it promulgated pending appeal to the Ohio Court of Appeals. It may consider whether continued time limitations contained in the temporary regulation merely reduced or otherwise affected Meros' success on his challenge.
 
 
 21
 With respect to the City's cross appeal, we include in our remand to the district court the direction to reconsider its determination of a reasonable fee to be awarded Meros in the event he is found by the district court to be a prevailing party. In making this determination, the district court should consider the fact that Meros sued only one defendant successfully out of fourteen original defendants, Meros' failure to obtain a temporary restraining order and preliminary injunction, and the potential duplication of work done by Meros' counsel in the state court proceedings.
 
 
 22
 Accordingly, we REMAND this matter for further proceedings in accordance with this opinion.