899 F.2d 14
 136 L.R.R.M. (BNA) 2392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Peggy FARRELL, Ron Lindsay, Gloria McCullar, and Karen Poag,
Plaintiffs-Appellants,
v.
INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS,
WAREHOUSEMAN & HELPERS OF AMERICA (AIRLINE
DIVISION), Defendant-Appellee.
 No. 89-1425.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1990.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and DOUGLAS W. HILLMAN, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants, Peggy Farrell, Ron Lindsay, Glorida McCullar, and Karen Poag (Flight Attendants), appeal the order denying their application for attorneys fees. For the following reasons, we remand to the district court.
 
 I.
 
 2
 A complete history of the incidents surrounding the present dispute can be found in Farrell v. International Brotherhood of Teamsters, 888 F.2d 459 (6th Cir.1989). Facts pertinent to the instant case follow.
 
 
 3
 The Flight Attendants, all previous employees of Republic Airlines, now work for Northwest Airlines. Their services were retained when Republic was merged into Northwest in 1986. Before the merger, employees of Republic had been represented in labor negotiations by the Association of Flight Attendants (AFA), and employees of Northwest were represented by defendant-appellee,
 
 
 4
 On January 23, 1989, the Flight Attendants filed an application for attorney fees, arguing that they were responsible for the Teamsters' action to charter the new local unions. The Flight Attendants sought attorney fees for the hours expended up to the time that the Teamsters informed them that a new local union had been chartered, amounting to $3,350.00. The Teamsters opposed the request for attorney fees, arguing that the district court no longer had jurisdiction to entertain post-judgment proceedings, that the application for attorney fees was not timely, and that the lawsuit was not responsible for the chartering of the new local union. Without conducting discovery, the district court denied the application for attorney fees:
 
 
 5
 Number one, the Court believes that, though I agree with the proposition of law as Ms. Harvey [counsel for the Flight Attendants] has indicated, as I indicated before, it's a good proposition of law, that it has to be apparent as a matter of fact, that that's what occurred to some extent....
 
 
 6
 And the Court can't make a factual determination that what the proposition that the Plaintiff relies on is such that they're entitled to attorney fees in this particular matter on that theory, excluding even the procedural 30 day thing, because I think that is a mandatory thing.
 
 
 7
 But even excluding it, the 30 day provision in our local rules just based upon the state of the pleadings and the state of the facts as they exist today, the Court believes that the Motion for Attorney Fees should be denied and therefore, it will be denied.
 
 
 8
 J.App. at 102-3.
 
 II.
 
 9
 A lower court's decision on whether to award attorney fees is reviewed under an "abuse of discretion" standard. Loudermill v. Cleveland Board of Education, 844 F.2d 304, 308-09 (6th Cir.1988), cert. denied, 109 S.Ct. 377 (1988).
 
 A. Timeliness of the Application
 
 10
 The Flight Attendants' first argue that the district court improperly held that the application for attorney fees was untimely. Under Local Rule 17(n) in the Eastern District of Michigan, an application for attorney fees by a prevailing party must be "filed within 30 days after entry of judgment." The Teamsters argued significant changes in its past practices, though no direct relief is obtained.") (citation omitted).
 
 
 11
 This Circuit has adopted the Nadeau v. Helgemoe, 581 F.2d 275 (1st Cir.1978), two-pronged standard for determining whether a lawsuit was a sufficient catalyst for the plaintiff to be considered a "prevailing party": (1) the plaintiff must demonstrate that his "lawsuit was causally related to securing the relief obtained." Johnston v. Jago, 691 F.2d 283, 286 (6th Cir.1982); and (2) the "plaintiff must establish some minimum basis in law for the relief secured.... [T]his legal inquiry does not entail full trial on the merits. Rather, the trial court need only consider whether the plaintiff's claim is 'frivolous, unreasonable, or groundless.' " Id., quoting Nadeau, 581 F.2d at 281. In determining whether the lawsuit was causally related to the change in behavior, the sequence or chronology of events is an important factor in determining whether the "plaintiff's actions were a significant catalyst or a substantial factor in causing defendants to act." Luethje v. Peavine School District, 872 F.2d 352, 354 (10th Cir.1989).
 
 C. Factual Determination of Causation
 
 12
 The issue in the instant case is whether the Flight Attendants have met the first prong of the Nadeau test--a causal relationship. The Flight Attendants contend that their lawsuit was successful because it prompted the Teamsters to specifically perform on its promise to charter a new local union. They point to the chronology of events: a demand letter was sent by the Flight Attendants to the Teamsters on September 30, 1988; the charter application was signed on October 7, 1988; the lawsuit was filed on November 21, 1988; and the new local union was chartered on November 21, 1988. The Flight Attendants also note that any steps the Teamsters allegedly took toward establishment of a charter starting in May 1988 and continuing through the October 7, 1988 charter application were never communicated to the Flight Attendants.
 
 
 13
 For the foregoing reasons, we REMAND the case to the district court for findings with regard to the award or denial of attorney fees.
 
 
 
 *
 The Honorable Douglas W. Hillman, Chief District Judge for the Western District of Michigan, sitting by designation