7 F.3d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles E. GAVETTE, Plaintiff-Appellant,
v.
Nicholas BRADY, Secretary of the Treasury, Defendant-Appellee.
 No. 92-2134.
 United States Court of Appeals, Sixth Circuit.
 Sept. 28, 1993.
 
 Before: GUY and NELSON, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Charles E. Gavette ("Gavette"), plaintiff, originally sued defendant, Nicholas F. Brady, then Secretary of the Treasury ("Secretary"), in 1984, alleging that his employer, the Internal Revenue Service ("IRS"), involuntarily placed him on disability retirement in violation of the Rehabilitation Act, 29 U.S.C. § 791, et seq. This complaint was dismissed after the parties entered into a "Stipulation for Compromise Settlement" on June 1, 1988. The IRS agreed to disburse back pay from February 1, 1985, until Gavette returned to work "subtracting disability retirement pay, worker's compensation benefits, and any earnings received from other employment ... [and] other appropriate deductions from pay and other computations, pursuant to 5 C.F.R. part 550, Subpart H--Back Pay." The settlement resulted in a lump sum payment, but an IRS employee sent Gavette a letter explaining that "[i]nterest due on your back pay will be computed in accordance with Public Law 100-202." Later, this same IRS representative wrote Gavette:
 
 
 2
 The Department of the Treasury has taken the position that the amendment to the Back Pay Act made in December 1987, does not constitute waiver of sovereign immunity from the payment of interest under the anti-discrimination statutes. Therefore, you will not receive interest on your back pay award.
 
 
 3
 Gavette then brought a second action claiming that the Department of the Treasury violated the settlement agreement when it refused to pay interest on his back pay award. Gavette also sought attorney fees associated with the enforcement of the settlement agreement. The government denied owing Gavette interest under the agreement despite a change in the law after the agreement was signed by the parties. The parties then entered into a second settlement agreement wherein the government agreed to pay the plaintiff $20,000 in exchange for his dropping the second lawsuit. The agreement also provided: "This settlement agreement and stipulation of dismissal shall not preclude the plaintiff from submitting a petition to the court for an award of attorneys' fees in connection with this matter." The plaintiff unsuccessfully sought attorney fees before the district court and now appeals rejection of his claim.
 
 
 4
 The district court ruled that the analysis for awarding attorney fees under the Rehabilitation Act is the same as that employed in the Civil Rights Attorney's Fee Awards Act, 42 U.S.C. § 1988, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k). The district court reasoned that, in order to obtain attorney fees, the party seeking them must be a prevailing party, citing Texas State Teachers Ass'n. v. Garland Indep. School District, 489 U.S. 782 (1989). The district court held:
 
 
 5
 Gavette has not cited any controlling authority suggesting that the definition of "prevailing party" under the Act may be stretched so thin as to apply to a plaintiff who, as here: (1) files a complaint alleging handicap discrimination claim under the Act, (2) dismisses the handicap discrimination claim, pursuant to a settlement agreement, ... (4) alleges a breach that has no meaningful relationship to the handicap discrimination claim, (5) settles the derivative breach of contract claim pursuant to a second settlement agreement, and (6) seeks attorney fees only as to the derivative breach of contract claim. In light of the dearth of the authority in support of Gavette's motion, the Court declines to exercise its discretion in a manner that would effectively allow him to collect attorney fees for a case that is at best only an indirect or tangential relationship to his underlying handicap discrimination claim.
 
 
 6
 (emphasis added). The district court concluded that Gavette was not a "prevailing party" because Congress did not intend for the Act to "facilitate a plaintiff's ability to recover interest on a settlement agreement providing for back pay." In sum, the district judge held that the issues before him bore only "an indirect or tangential relationship to his underlying handicap discrimination claim" and that "Gavette is not a 'prevailing party' within the meaning of the [Rehabilitation] Act." The Rehabilitation Act provides: "In any action or proceeding to enforce or charge a violation of a provision of this title, the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 29 U.S.C. § 794a(b) (emphasis added).
 
 
 7
 This court has acknowledged that courts have "inherent power to enforce settlement agreements entered into in settlement of litigation pending before them." See Brock v. Schenuer Corp., 841 F.2d 151, 154 (6th Cir.1988) (quoting Aro Corp. v. Allied Witan Co., 531 F.2d 1368 (6th Cir.), cert. denied, 429 U.S. 862 (1976)). Another court has concluded that the enforcement of a settlement agreement in an action alleging Title VII violations is an action brought under Title VII. See EEOC v. Liberty Trucking Co., 695 F.2d 1038 (7th Cir.1982) (EEOC negotiated a conciliation agreement, an agreement which does not have to be approved by the court, but the defendant breached it six months later. The court decided that an action brought to enforce the conciliation agreement was one brought under Title VII for jurisdictional purposes); see also EEOC v. Safeway Stores, Inc., 714 F.2d 567, 575 (5th Cir.1983), cert. denied, 467 U.S. 1204 (1984).
 
 
 8
 The court in EEOC v. Henry Beck Co., 729 F.2d 301 (4th Cir.1984), held that an action to enforce a pre-determination settlement agreement was, in effect, brought under Title VII. The court reasoned: "[f]ederal jurisdiction is extended to this case not because it involves a violation of Title VII but because it is essential to preserving the EEOC's function as an efficient conciliator ... central to Title VII's statutory scheme." Id. at 306. Henry Beck Co., however, did not involve the extended kind of settlement proceedings involved here. Safeway similarly indicated that the only limitations on the court's authority to require the parties to fulfill their obligations under a settlement agreement "are those derived from the agreement itself and the principles of contract law" so long as the enforcement of said agreement does not violate the purpose of Title VII. Safeway, 724 F.2d at 574.
 
 
 9
 Gavette relies heavily on Robles v. United States, No. 84-3635, 1990 WL 155545 (D.D.C. July 20, 1990). As in the case at hand, the parties in Robles entered into a settlement agreement concerning a Title VII discrimination claim. The plaintiff then filed suit alleging the United States breached the settlement agreement by discriminating against him because of his age and that he had been retaliated against for filing a civil rights claim. The plaintiff argued that recovery for breach of the settlement agreement arose under the Civil Rights Act. The district court held that an action to enforce a Title VII settlement is an action brought under Title VII itself. Accordingly, the court found that the plaintiff was a prevailing party and that attorney fees were appropriate.
 
 
 10
 In the instant case, however, the district court distinguished Robles:
 
 
 11
 In Robles, the United States District Court for the District of Columbia held that a plaintiff was entitled to recover attorney fees where he: (1) filed a claim with the Equal Employment Opportunity Commission alleging handicap discrimination under Title VII, (2) dismissed the handicap discrimination claim, pursuant to the settlement agreement, (3) filed a subsequent complaint in the District Court alleging the government breached the settlement agreement by engaging in additional discriminatory acts, and (4) obtained a judgment from the District Court as to his claim.
 
 
 12
 The district court noted a distinction by reason of a subsequent discrimination claim in conjunction with the breach of the settlement agreement.
 
 
 13
 In Loeffler v. Frank, 486 U.S. 549, 558 (1988), a Title VII case, the Supreme Court held that back pay awards were intended by Congress to make the plaintiff whole and prejudgment interest is an "element of complete compensation." Thus, the plaintiff argues that under Frank his subsequent lawsuit should be deemed to be filed under the Rehabilitation Act and he should be held entitled to attorney fees.
 
 
 14
 It is now beyond dispute, and defendants concede, that a party may be considered a "prevailing party" and thus recover attorney's fees under § 1988 despite the fact that the case concludes in a settlement. As the Supreme stated in Maher v. Gagne, 448 U.S. 122, 129, 100 S.Ct. 2570, 2575, 63 L.Ed.2d 653 (1980):
 
 
 15
 The fact that respondent prevailed through a settlement rather than through litigation does not weaken her claim to fees. Nothing in the language of § 1988 conditions the District Court's power to award fees on full litigation of the issues or on a judicial determination that the plaintiff's rights have been violated. Moreover, the Senate report expressly stated that "for purposes of the award of counsel fees, parties may be considered to have prevailed when they vindicate rights through a consent judgment or without formally obtaining relief."
 
 
 16
 Johnston v. Jago, 691 F.2d 283, 285 (6th Cir.1982).
 
 
 17
 In light of the authority discussed above, we are persuaded that the plaintiff should be deemed to be a prevailing party in the vindication of rights accomplished through several separate settlement arrangements. See Maher v. Gagne, 448 U.S. 122 (1980). We find that the "lawsuit was causally related [although indirectly] to securing the relief obtained" and also "establish[es] some minimum basis in law for the relief secured" even if it was not the entire relief sought. Johnston, 691 F.2d at 286.
 
 
 18
 Since we conclude that the plaintiff is, at least indirectly, a prevailing party under the meaning of the Rehabilitation Act, we REVERSE and REMAND to the district court for further consideration of the plaintiff's claim for attorney fees. With respect to exercising its discretion under the Act in the case of the claim for fees of a prevailing party, we remind the district court that it
 
 
 19
 must articulate reasons for any departure from the general rule that prevailing parties are to be awarded fees, identifying any special circumstances and explaining why they render an award unjust. The defendant has the burden of showing special circumstances warrant a denial of fees, and the defendant's showing must be a strong one.
 
 
 20
 Morscott, Inc. v. City of Cleveland, 936 F.2d 271, 273 (6th Cir.1991) (quoting from Herrington v. County of Sonoma, 883 F.2d 739, 744 (9th Cir.1989)).