**Raymond RYNES, by his parent and next friend, Deborah RYNES, and Deborah Rynes, Individually, Plaintiffs,**

v.

**KNOX COUNTY BOARD OF EDUCATION, et al., Defendants.**

**No. CIV 3–92–404.**

United States District Court, E.D. Tennessee, Knoxville.

Dec. 27, 1995.

**1170**

E. Patrick Hull, Kingsport, TN, for plaintiffs.

John E. Dowling, Jr., Office of Knox County Law Director, Knoxville, TN, and Jane W. Young, State of Tennessee, Office of Attorney General, Nashville, TN, for defendants.

### MEMORANDUM AND ORDER

JORDAN, District Judge.

This is a civil action pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400, *et seq.* The plaintiffs Raymond Rynes and his mother Deborah Rynes have appealed the decision of the administrative law judge (ALJ) concerning the appropriate educational placement of the minor plaintiff Raymond Rynes. The non-jury trial in this civil action was heard on November 18, 1993. Prior to trial, the parties had stipulated by means of a joint pretrial order, that Raymond could continue his

education at the Tennessee School for the Deaf (TSD), contrary to the defendants' earlier decision. [Doc. 15]. Thus, it was unnecessary for this court to decide whether TSD was an appropriate placement, and the only remaining issue at trial was whether the plaintiffs are prevailing parties within the meaning of the IDEA.[1] 20 U.S.C. § 1415(e)(2).

The basis for this civil action was the defendants' decision to change Raymond's educational placement from TSD to a school within the Knox County Public Schools. The Knox County Public School system conducts a program for the education of deaf and hearing impaired students, some of whom are educated within the Knox County Public Schools and some of whom are referred for placement by Knox County to TSD, a State-operated school. The local school system must make the initial decision of whether to place a student at TSD. TSD will not enroll students who have not first been referred to TSD by the local school system, ordinarily precluding direct enrollment of deaf students without the consent or approval of the local district.

Raymond suffers from a profound bilateral hearing loss due to an injury and/or infection. At the time his hearing loss occurred, Knox County recommended that Raymond be placed at TSD. In 1990, Knox County decided that the appropriate placement for Raymond would be in a Knox County school rather than TSD. Plaintiffs requested a hearing before an ALJ; however, the matter was settled by agreement prior to a hearing. As a result of the agreement, Raymond remained at TSD.

On June 25, 1991, a multidisciplinary team meeting was held for the purpose of developing an Individualized Educational Program (IEP) for Raymond for the 1991–92 school year. Knox County again recommended that Raymond be removed from TSD and placed in a public school. And again, the plaintiffs requested a hearing before an ALJ, which was held on September 6, 1991. On May 4,

---

1. The parties had identified two other procedural issues, but given the agreement on the child's placement at the Tennessee School for the Deaf, counsel announced to the court that the procedural issues were no longer relevant.

1992, the ALJ entered a Final Order approving the placement of Raymond in a school system class for hearing impaired with appropriate mainstreaming [doc. 4, at pp. 2–16]. Plaintiffs appealed this decision by filing suit in federal district court.

In the Spring of 1993, while this civil action was pending, Knox County decided that the best placement for Raymond at that time was TSD. Ms. Shaver, an audiologist for Knox County Public Schools, testified that the reasons for this decision were: (1) the case was in the appeal process, Raymond would stay at TSD until the case was decided, and the appeal would "go on for some time longer"; (2) Raymond was involved in athletics and other school activities at TSD; and (3) Raymond was already in the ninth grade and there would not be enough time to give him the additional training he would need, given the State requirements for completion of high school, if he were placed in a public school.

The plaintiffs now argue that since they have received substantially all the relief they wanted; that is, that Raymond be allowed to stay at TSD to complete his schooling, they are prevailing parties and entitled to attorneys' fees and expenses pursuant to 20 U.S.C. § 1415(e)(4)(B). The defendants argue that there was no causal connection between their decision to allow Raymond to continue his education at TSD and the civil action pending in this court and therefore, plaintiffs are not prevailing parties.

■ The "prevailing party" standard set forth in the IDEA[2] is similar to that in 42 U.S.C. § 1988, which allows the award of attorneys' fees in civil rights cases. *See Texas Teachers Ass'n v. Garland Indep. School District*, 489 U.S. 782, 785, 109 S.Ct. 1486, 1490, 103 L.Ed.2d 866 (1989); *Krichinsky v. Knox County Schools*, 963 F.2d 847 (6th Cir.1992). In *Texas Teachers Ass'n*, the Supreme Court reiterated the definition of prevailing party set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983): Plaintiffs may be considered prevailing parties if they "succeed on any significant issue which achieves some of the benefits plaintiffs sought in bringing suit." *Id.* At a minimum, to be considered a prevailing party for purposes of fee awards, "a plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Texas Teachers Ass'n*, 489 U.S. at 792, 109 S.Ct. at 1493.

■ Prior to *Texas Teachers Ass'n*, the Sixth Circuit had adopted a two-part standard for determining whether plaintiffs are prevailing parties: (1) whether the lawsuit has caused the legal relationship between the parties to change; and (2) whether the plaintiffs' claim is frivolous, unreasonable, or groundless. *Johnston v. Jago*, 691 F.2d 283, 286 (6th Cir.1982); *see also Haskell v. Washington Township*, 864 F.2d 1266, 1279 (6th Cir.1988) (plaintiff may also be a prevailing party if his lawsuit is the "catalyst" for the changes sought). This court finds that the *Johnston* standard is consistent with the rule set forth in *Texas Teachers Ass'n* and will apply the *Johnston* standard in order to determine whether the resolution changed the legal relationship between the parties.

Before this two-part standard can be applied to the facts of this case, it is necessary to set out the particular relief the plaintiffs sought in their complaint. The plaintiffs requested: (1) that Raymond be allowed to continue his education at TSD or in a program which is split between TSD and a public school; (2) that the defendants comply with state and federal statutes and regulations in conducting the multidisciplinary meeting and in making decisions concerning Raymond's placement; and (3) that Raymond be allowed to enroll at TSD without a referral from Knox County.

■ There is no doubt that what the plaintiffs hoped to achieve by requesting a hearing and then appealing the findings of the ALJ was for continued placement at TSD for Raymond. This result has been achieved;

---

**2.** Section 1415(e)(4)(B) provides:

In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party.

however, the defendants claim that the lawsuit was not the catalyst for the result, and therefore, the first part of the standard has not been met. The defendants claim that the recommendation to allow Raymond to remain at TSD was merely an administrative decision based on relevant factors for placement of hearing impaired children. The defendants submit that they have a continuing duty to re-evaluate a child's placement and, during the time that the lawsuit has been pending in this court, the factors concerning the proper placement for Raymond have changed. The defendants argue that a finding that the plaintiffs are prevailing parties puts Knox County in a difficult position—if they do their duty, they have to pay attorney fees.

The plaintiffs argue that they have achieved essentially all they had hoped to achieve, that they did so by means of the lawsuit, and that are prevailing parties. The facts of this case support the plaintiffs' argument. In 1991, Knox County recommended that Raymond be removed from TSD and placed in public school. Raymond's mother requested a hearing before an ALJ which triggered the "stay put" provision of the IDEA. Section 1415(e)(3) of Title 20, United States Code, provides in relevant part:

> During the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents or guardian otherwise agree, the child shall remain in the then current educational placement of such child. . . .

Thus, Raymond stayed at TSD during the pendency of all the proceedings including the hearing before the ALJ and the lawsuit filed in this court.

Obviously, absent the proceedings instigated by the mother, including the lawsuit filed in this court, Raymond would have been placed in public school, since that was Knox County's recommendation for placement. The reasons given by the defendants for changing their recommendation are certainly all valid, but the fact remains that it was only because of the proceedings that Knox County found themselves in a position to have to re-evaluate Raymond's placement. In fact, Ms. Shaver testified that one of the factors that Knox County considered when re-evaluating Raymond's placement was that the mother had appealed the ALJ's decision and that Raymond was going to be at TSD for some time longer because of the appeal.

Counsel for plaintiffs has provided this court with a copy of a similar case from the District Court for the District of Columbia. *Joiner v. District of Columbia,* 16 Educ. Handcpd.L.Rep. (LRP) 424 (D.D.C.1990). In *Joiner,* the parties had agreed to allow the child to continue at a special school until his graduation in spite of a hearing officer's determination that the school recommended by the defendant school system was appropriate. The defendants argued that the plaintiffs were not prevailing parties because the defendants merely surrendered to the placement of the child in the special school. The District Court held that, although plaintiffs did not obtain *de jure* declaratory and injunctive relief, "plaintiffs achieved through this litigation their paramount objective of maintaining Christopher at Chelsea until he graduated. Defendants, well aware that this was plaintiffs' foremost goal, consented to a continuance that they knew would result in the goal's realization. Thus, the parties reached a *de facto* settlement." *Id.,* at 425.

This court cannot find any substantive difference between the settlement agreement in *Joiner* and the defendants' decision to allow Raymond to stay at TSD in this case. Plaintiffs in *Joiner* and in this case achieved their foremost goals because the lawsuits were filed. In *Joiner,* "but for" the lawsuit, the child would be attending the school recommended by the hearing officer. In this case, "but for" the lawsuit, Raymond would be in public school instead of TSD as recommended by the ALJ.

Therefore, we find that both parts of the *Johnston* standard have been met in this case: (1) the lawsuit was at least the catalyst for the defendants' eventual decision to allow Raymond to remain at TSD; and (2) the appeal to this court was not frivolous, unreasonable, or groundless. We find that the plaintiffs are prevailing parties within the meaning of 20 U.S.C. § 1415(e)(4)(B), and are entitled to reasonable attorneys' fees.

It is hereby **ORDERED** that plaintiffs' counsel shall file, on or before **December 31, 1993:** (1) a request for reasonable attorneys' fees particularly identifying the amount of time expended and the reasons therefor; (2) affidavit(s) supporting the rate per hour requested; and (3) a list of reasonable costs and expenses incurred by counsel in this case.

### *ORDER*

Consistent with the memorandum opinion filed contemporaneously with this Order, it is hereby **ORDERED** that plaintiffs' counsel shall file, on or before **December 31, 1993:** (1) a request for reasonable attorneys' fees particularly identifying the amount of time expended and the reasons therefor; (2) affidavit(s) supporting the rate per hour requested; and (3) a list of reasonable costs and expenses incurred by counsel in this case.