*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2001 FED App. 0419P (6th Cir.)
File Name:  01a0419p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

ROBERT CHAMBERS; JEAN
CHAMBERS; LAUREN
HOLLAND; SARAH HOLLAND,
State of Ohio *ex rel*,
   *Plaintiffs-Appellees/*
    *Cross-Appellants,*


GRAHAM, MCCLELLAND &
RANSBOTTOM CO., L.P.A.;
MANOS, MARTIN, PERGRAM
& DIETZ CO., L.P.A.;
WILLIAM J. BROWNING,
   *Attorneys-Appellees/*
    *Cross-Appellants,*


    *v.*


OHIO DEPARTMENT OF
HUMAN SERVICES;
JACQUELINE ROMER-SENSKY,
in her official capacity,
   *Defendants-Appellants/*
    *Cross-Appellees.*

Nos. 00-3354/3355

1

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 94-01094—Edmund A. Sargus, Jr., District Judge.

Argued:  June 15, 2001

Decided and Filed:  December 11, 2001

Before:  BOGGS and SUHRHEINRICH, Circuit Judges;
CLELAND, District Judge.*

_____

**COUNSEL**

**ARGUED:**    John T. Williams, OFFICE OF THE
ATTORNEY GENERAL OF OHIO, HEALTH & HUMAN
SERVICES SECTION, Columbus, Ohio, for Appellants.
John J. Kulewicz, VORYS, SATER, SEYMOUR & PEASE
LLP, Columbus, Ohio, for Appellees. **ON BRIEF:** John T.
Williams, Patrick W. Beatty, OFFICE OF THE ATTORNEY
GENERAL OF OHIO, HEALTH & HUMAN SERVICES
SECTION, Columbus, Ohio, for Appellants.   John J.
Kulewicz, VORYS, SATER, SEYMOUR & PEASE LLP,
Columbus, Ohio, Dennis L. Pergram, MANOS, MARTIN,
PERGRAM & DIETZ, Worthington, Ohio, for Appellees.

_____

**OPINION**
_____

CLELAND, District Judge.  This case is before the Sixth
Circuit for a second time.  On the first appeal, the district
court's summary judgment in Plaintiffs' favor was reversed
and the case remanded for further proceedings terminating the

_____

* The Honorable Robert H. Cleland, United States District Judge for
the Eastern District of Michigan, sitting by designation.

Similarly, this case cannot survive the rule set forth in *Buckhannon*.[2]  The district court expressly relied upon the catalyst theory in granting Plaintiffs' motion for attorneys fees.[3]  (10/28/1999 Order at 7; J.A. at 402.)  It did so, however, only to the "limited" extent that the ODHS had modified its regulations and notice requirements. (*Id*.)  The district court acknowledged that those modifications had been implemented by the ODHS prior to any court adjudication of the matter. (10/29/1999 Order at 5-6; J.A. at 400-01.)  It thus cannot be disputed that any change in legal relationship between Plaintiffs and the ODHS was not "judicially sanctioned."  Accordingly, the district court's award of attorneys fees is REVERSED.

---

[2]Plaintiffs claim that the ODHS waived this argument is without foundation.  At the January 13, 2000 hearing on the amount of attorneys fees to be awarded, the district court stated to counsel for ODHS as follows:

I understand you have indicated in your briefing that obviously the defendants don't agree with the catalyst theory as appropriate here.  I don't mean to gloss over that.  That's so noted.  But with that in mind, obviously the Court is prepared to move to the next step.  You are not waiving any objection, but I would appreciate your comments with respect to what you believe are appropriate measurements of the attorneys' fees in this case.

(01/13/2000 Tr. at 27-28; J.A. at 529-30.)

[3]Although the district court expressly adopted the catalyst theory, it failed to properly consider the second prong of the *Johnston* analysis, which requires "some minimum basis in law for the relief secured." *Johnston*, 691 F.2d at 286.  That omission–particularly in view of this court's prior ruling that "the ODHS interpretation of the [Medicaid laws] . . . [was] reasonable and permissible"–casts serious doubt upon the appropriateness of the fee award even without the *Buckahannon* decision. *See Chambers*, 145 F.3d at 804.

case in Defendants' favor.  *See Chambers v. Ohio Dep't of Human Servs.*, 145 F.3d 793 (6th Cir. 1998).  The issue now presented concerns the propriety of attorneys fees awarded by the district court to plaintiffs' counsel on the "catalyst theory" of success as a "prevailing party."  The Supreme Court's recent opinion in *Buckhannon Bd. and Care Home, Inc. v. W.V. Dep't of Health and Human Resources*, --- U.S. ---, 121 S. Ct. 1835 (2001) has made clear that, to "prevail," the party must have obtained a change in the legal relationship of the parties that originated in a court order or that had at least received judicial sanction. The catalyst theory of success thus is no longer a permissible basis for awarding attorneys fees. We must reverse.

## I. Background

Plaintiffs-Appellees Robert Chambers, Jean Chambers, Lauren Holland, and Sarah Holland (collectively "Plaintiffs") commenced this class action pursuant to 42 U.S.C. § 1983, challenging administrative rules promulgated by Defendant Ohio Department of Human Services ("the ODHS") that were utilized in determining the eligibility of institutionalized spouses for Medicaid benefits.  On cross motions for summary judgment, the district court ruled in Plaintiffs' favor, ordering the ODHS to alter its interpretation of the federal Medicaid laws.  This court reversed on appeal, finding the relevant statutory language ambiguous and upholding the ODHS's regulations as comprising a reasonable and permissible interpretation of the statute.  *See Chambers v. Ohio Dep't of Human Servs.*, 145 F.3d 793 (6th Cir. 1998).

Even before the district court entered its order on remand, however, the ODHS had implemented changes to its regulations that Plaintiffs deemed beneficial to their cause. Thus, although the ODHS ultimately prevailed on the merits of the case, Plaintiffs could be viewed as having succeeded in securing some of the benefits they were seeking via the lawsuit based on the ODHS changes.  Upon this theory of virtual victory, counsel for Plaintiffs moved the district court

for attorneys fees under the Civil Rights Attorney's Fees Awards Act of 1976, which allows a district court in a § 1983 action to award attorneys fees to "the prevailing party." *See* 42 U.S.C. § 1988. The district court granted the motion, finding that Plaintiffs were a "prevailing party" under the so-called catalyst theory. This appeal followed.

## II. Discussion

The catalyst theory for awarding attorneys fees was first adopted by this court in *Johnston v. Jago*, 691 F.2d 283 (6th Cir. 1982). The plaintiff in that case had filed a civil rights action in federal court based upon his dismissal from employment as a state corrections officer. While maintaining his action in federal court, the plaintiff simultaneously prosecuted an administrative appeal, which ultimately settled in his favor. Pursuant to the settlement decree, the plaintiff was required to "take all steps necessary to effectuate a withdrawal" of his federal lawsuit. One step deemed necessary was to move for attorneys fees, which were granted by the district court. On appeal, this court affirmed the award, concluding that a plaintiff who obtained relief through a settlement was a "prevailing party" as long as that plaintiff could (1) "demonstrate that his or her lawsuit was causally related to securing the relief obtained" and (2) "establish some minimum basis in law for the relief secured." *Id*. at 286 (citing *Nadeau v. Helgemoe*, 581 F.2d 275 (1st Cir. 1978)). We found of "no consequence" the fact that the settlement had been negotiated in a separate, albeit related, proceeding. *Id*. at 287.

In subsequent cases, we consistently have reaffirmed that a plaintiff who receives some of the relief sought in a lawsuit–whether through settlement or voluntary action taken by the defendant–can be a prevailing party, "despite the absence of a formal judgment." *Woolridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1173-74 (6th Cir. 1990); *see also Owner-Operator Independent Drivers Ass'n, Inc. v. Bissell*, 210 F.3d 595, 597-98 (6th Cir. 2000) (observing that an

enforceable judgment, settlement, or comparable type of relief, or a voluntary change in a defendant's behavior, will "generally make a plaintiff a 'prevailing party'").

The parties in this matter initially proceeded under the assumption that the analysis of *Johnston* and its progeny would govern their appeal. After the parties completed briefing the matter, however, the Supreme Court issued an opinion invalidating the catalyst theory as a permissible basis for awarding attorneys fees. *Buckhannon Bd. and Care Home, Inc. v. W.V. Dep't of Health and Human Resources*, --- U.S. ---, 121 S. Ct. 1835 (2001). The Court concluded that to "prevail," and thus become eligible for attorneys fees, a party must have obtained "a *judicially sanctioned* change in the legal relationship of the parties." *Id*. at 1840 (emphasis added). More specifically, the Court noted that an award of attorneys fees is appropriate where a plaintiff has obtained an "enforceable judgment[] on the merits" or a "court-ordered consent decree[]," but not under the catalyst theory, which "allows an award where there is no judicially sanctioned change in the legal relationship of the parties." *Id*. Thus, the Court concluded that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id*. Proceeding from this analysis, the Court categorically rejected the catalyst theory as a permissible basis for awarding attorney's fees.[1] *Id*. at 1843. To the extent *Johnston* and its progeny disagree, they have been overruled by *Buckhannon*.

---

[1]Although *Buckhannon* involved the award of attorneys fees under a different statute than is at issue here, the Court expressly stated that all statutes–including § 1988–that authorize attorney's fees to the "prevailing party" are to be treated consistently. *Buckhannon*, --- U.S. ---, 121 S. Ct. at 1839 n.4.