**Seth KRICHINSKY, By and Through his parents and next best friends, Mr. and Mrs. Alan KRICHINSKY, Plaintiff–Appellant,**

v.

**KNOX COUNTY SCHOOLS, Defendant–Appellee.**

**No. 91–5880.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 14, 1992.

Decided April 29, 1992.

Gary D. Buchanan (argued and briefed), Brentwood, Tenn., for plaintiff-appellant.

Michael W. Moyers (argued and briefed), Knoxville, Tenn., for defendant-appellee.

Before: KEITH and MARTIN, Circuit Judges; and CELEBREZZE; Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

The Krichinskys, parents of a handicapped child, appeal the district court's denial of their motion for attorney fees under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(e)(4)(B) (1991).[1]

Seth Krichinsky is a handicapped child in the Knox County, Tennessee, school district. After consulting an expert recommended by the school system, Seth's parents requested that the school system place Seth in a residential program that would better meet his educational needs. Residential programs provide group-living situations with full-time supervision by a professional staff. The programs include a wide range of psychological help and counseling care. After the school system's own evaluation of Seth's needs, the school system opted against placement, offering an alternative program that did not include residential placement. The Krichinskys appealed the school system's decision to the Tennessee Department of Education.

On appeal, the administrative law judge for the Tennessee Department of Education addressed three issues: (1) whether the school system should place Seth in a residential program, and if so, whether the school system should pay for the placement, (2) whether Seth was receiving adequate speech and language instruction through the school system, and (3) whether Seth was receiving adequate occupational therapy through the school system. The administrative law judge found that while residential placement was not necessary at the time of the hearing, the school system's proposed program was insufficient and would not meet Seth's needs. The administrative law judge stated "something in addition to that which has been proposed by

---

1. This Act was formerly known as the Handicapped Children's Protection Act of 1986.

the school system is in order to help S[eth] learn how to function in his environment so that the ultimate goals earlier discussed can be obtained." The administrative law judge ordered the school system to (1) increase the amount of Seth's speech and language therapy, (2) increase the amount of Seth's occupational therapy, (3) provide an "at home" behavior management program designed by a psychologist with a Master's degree who had at least three years experience in behavior management, and (4) provide an extended day program through which Seth would receive additional "living skills" education until 5:30 p.m. each day.

The school system and the Krichinskys appealed the administrative law judge's decision to federal district court. The district court affirmed the administrative law judge's decision concerning the additional speech, language, and occupational therapy. The district court also affirmed the administrative law judge's determination that Seth should *not* be placed in a residential program. The district court, however, declined to adopt the administrative law judge's determination of additional specific relief. The district court stated that it was postponing an order of final relief so that the Krichinskys and the school system could meet and develop a mutually agreeable individualized education program for Seth. Following the district court's order, the Krichinskys filed a motion for attorney fees. The district court denied their motion, finding that the Krichinskys were not the prevailing party. Citing *Texas State Teachers Association v. Garland Independent School District*, 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989), which held that a party has prevailed when it has succeeded on any significant issue in litigation that achieved some of the benefits the party sought in bringing the action, the district court found that the Krichinskys had not prevailed on a significant issue. In denying the Krichinskys' motion, the court found that in bringing the suit, the Krichinskys *only* sought residential placement for Seth. While it was not mentioned in the briefs, counsel for both parties acknowledged during oral arguments before this

court that a final agreement had been reached regarding the merits of Seth's claim.

■ The Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400–1461, requires that participating local governments such as Knox County provide "free appropriate education" for handicapped children in the public school system. 20 U.S.C. § 1415(a). The statute requires local education officials, teachers, and parents to develop a written, individualized educational program for each child that details the level of educational performance of the child as well as goals and services to be provided by the school system. 20 U.S.C. at § 1401(18). *See Janzen v. Knox County Bd. of Educ.*, 790 F.2d 484, 486 (6th Cir.1986) (citing *Hendrick Hudson Central School Dist. Bd. of Educ. v. Rowley*, 458 U.S. 176, 181–82, 102 S.Ct. 3034, 3038, 73 L.Ed.2d 690 (1982)). If parents disagree with the program, they may request a due process hearing by the appropriate administrative agency. *Janzen*, 790 F.2d at 486. The agency's findings may be appealed to district court, which conducts a new review of the facts. 20 U.S.C. at § 1415. In 1986, Congress amended the Act to permit the recovery of attorney fees. 20 U.S.C. § 1415(e)(4)(B) reads, in part:

> In any action or proceeding brought under this subsection the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party.

■ The legislative history surrounding this amendment indicates that the term "prevailing party" in the amendment has the same meaning as similar terms in other legislation. *See Angela L. v. Pasadena Independent School Dist.*, 918 F.2d 1188, 1193 (5th Cir.1990) (citing H.R.Rep. No. 296, 99th Cong., 2nd Sess. 5–6 (1985); S.Rep. No. 112, 99th Cong., 2nd Sess. 13–14 (1985); U.S.Code Cong. & Admin.News 1986, p. 1798). *See also Eggers v. Bullitt County School Dist.*, 854 F.2d 892, 894–96 (6th Cir.1988). By analogy, under 42 U.S.C. § 1988, a prevailing party is one who " 'succeeds on any significant issue

which achieves some of the benefits plaintiffs sought in bringing suit.'" *Geier v. Richardson,* 871 F.2d 1310, 1312 (6th Cir. 1989) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)). The definition of a prevailing party is "'a generous formulation that brings the plaintiff only across the statutory threshold.'" *Id.* In *Texas Teachers,* the Supreme Court clarified the *Hensley* prevailing party standard by rejecting the "central issue" test as contrary to its *Hensley* decision. *Texas Teachers,* 489 U.S. at 790, 109 S.Ct. at 1492. The central issue test defines a prevailing party as one who succeeds on the main issue of litigation. Under the central issue test, parties that succeed on secondary issues but fail to succeed on the central issue are denied attorney fees under section 1988. *Id.* at 788–790, 109 S.Ct. at 1491–1492. In rejecting the central issue test, the Supreme Court stated that "[t]he incongruence of the 'central issue test in light of the clear congressional intent that ... fee awards be available to partially prevailing civil rights plaintiffs is readily apparent.'" *Id.* at 790, 109 S.Ct. at 1492. The Supreme Court stated that, at a minimum, to be considered a prevailing party for purposes of fee awards, "a plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Id.* at 792, 109 S.Ct. at 1493.

■ Upon this record, we find that the Krichinskys met this standard. Although the Krichinskys were primarily seeking residential placement for Seth, their litigation was not an "all or nothing" proposition. In their appeal of the administrative law judge's decision, the Krichinskys did not explicitly or implicitly reject the administrative law judge's mandate of additional therapy. Also, when the district court ordered the school system to provide Seth with additional therapy, the district court "change[d] the legal relationship" between the school and the Krichinskys. Under court order, the school system now *must* provide Seth with additional therapy. In examining the administrative law judge's opinion and the district court opinion, we

find that the Krichinskys have crossed the threshold and have succeeded on the two significant issues of increased speech and language therapy and increased occupational therapy and therefore should be awarded attorney fees. We also find they are entitled to reasonable attorney fees arising from this appeal. The district court shall determine all the fees upon remand.

■ Finally, the school system argues that the Krichinskys are barred from attorney fees under 20 U.S.C. § 1415(e)(4)(D), which provides that a plaintiff will not be awarded attorney fees where the plaintiff has rejected a written offer of settlement and where the administrative officer or court finds that the relief finally obtained is no more favorable to the plaintiff than what was offered to settle. The school system made no written offer of settlement. Neither the administrative law judge nor the district court made a finding concerning a settlement offer. The school system asks this court to find that meetings between representatives of the school system and the Krichinskys, where the Krichinskys rejected the school system's recommendation against residential placement, constitute the equivalent of a "written offer" that the Krichinskys rejected.

This argument is without merit. Section 1415(e)(4)(D) expressly requires a written offer of settlement as well as a finding by the administrative law judge or district court that the relief the Krichinskys obtained was not more favorable to the Krichinskys than any written settlement offer. The school system did not make a written offer. The administrative law judge and the court made no such finding.

Accordingly, we reverse the district court and remand for determination of attorney fees.