**MARCUS X, by his mother and next friend, JESSICA X, Plaintiffs,**

v.

**Betty ADAMS, Individually and in her capacity as Commissioner, Tennessee Department of Youth Development, Defendant.**

No. Civ. 3–92–0820.

United States District Court, E.D. Tennessee.

Feb. 22, 1994.

---

Dean H. Rivkin, Director, University of Tennessee Legal Clinic, Brenda McGee, Knoxville, TN, for plaintiffs.

Christine A. Modisher, Jane W. Young, Asst. Atty. Gen., Eleanor O. Kerr, State of Tenn., Office of the Atty. Gen., Nashville, TN, Kimberly J. Dean, State of Tenn., Office of the Atty. Gen., Civ. Rights and Claims Div., Nashville, TN, for defendant.

## MEMORANDUM OPINION

JARVIS, Chief Judge.

This is an action for injunctive relief brought under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1401, *et seq.*, and the Fourteenth Amendment on behalf of a 15–year–old who was committed to the Mountain View Youth Development Center in Dandridge. The action sought immediate injunctive relief directing the defendant to place the minor plaintiff in an appropriate residential education and treatment program. Within several days of the filing of the complaint, and after contact between plaintiff's and defendant's counsel had occurred, the minor plaintiff was moved to the Adolescent Resource Center (ARC) in Knoxville due to his mental health needs and plaintiff's motion for a temporary restraining order has been withdrawn. The parties concede that this case is now moot. Currently pending is the plaintiff's motion for designation of plaintiff as prevailing party [Court File # 6] and defendant's motion to dismiss for lack of subject matter jurisdiction, Rule 12(b)(1), Federal Rules of Civil Procedure [Court File # 7]. Defendant also denies that plaintiff is a prevailing party. Because I conclude that the court has subject matter jurisdiction over this action and that plaintiff was the prevailing party, plaintiff's motion will be granted and defendant's denied. However, the action will be dismissed as moot.

Plaintiff Marcus X was placed in the Mountain View Youth Development Center, an institution maintained by the Tennessee Department of Youth Development (TDYD), on October 12, 1992 when he was adjudicated delinquent by the Knox County Juvenile Court. At the time of the incidents giving rise to the adjudication, he was in a special mental health education program operated by the Knox County Schools and was certified educationally disabled for emotional and behavioral problems. Between June 1, 1992 and October 12, 1992, Marcus X was in two private integrated education and treatment facilities.

On October 16, 1992, Marcus was evaluated by a TDYD clinical psychologist who concluded that he was suffering from major depression and needed placement in a mental health group home. The psychologist noted: "It is clear his mental health needs are greater than his correction needs and he does not seem to have a history of being a security risk." On November 19, 1992, Ms. X met with Marcus' M–Team at Mountain View pursuant to the IDEA. Plaintiff alleges that Ms. X requested placement of Marcus in a 24–hour residential integrated treatment and education program and the M–Team agreed that such a placement was appropriate. However, no report was prepared by the M–Team and, at least until this lawsuit was filed, no arrangements were made to transfer Marcus to an appropriate program. On December 1, 1992, the complaint in this case was filed seeking immediate injunctive relief directing the defendant to place Marcus in an appropriate program. Shortly after the filing of the complaint, and before a hearing could be held with respect to injunctive relief, Marcus was transferred to an appropriate program. At this point the only remaining dispute is whether the plaintiff is a "prevailing party" in this action so that he should be entitled to recover attorney's fees under 20 U.S.C. § 1415(e)(4)(B).

■ The defendant contends that prior to filing this lawsuit plaintiff failed to exhaust administrative remedies and therefore this court lacks subject matter jurisdiction. Under ordinary circumstances, a parent is required to exhaust the administrative reme-

dies set out in the IDEA. 20 U.S.C. § 1416(b)(2). However, under certain circumstances, a plaintiff may by-pass the administrative process where such exhaustion would be futile or inadequate. *Honig v. Doe*, 484 U.S. 305, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988). Plaintiff's complaint alleges that during his commitment to Mountain View, Marcus' mental condition and behavior were deteriorating daily and that exhaustion of administrative remedies under the IDEA would be futile and inadequate given Marcus' immediate need for an integrated education and treatment program. It is also noted that under the IDEA the process of administrative and judicial review is ponderous. *Burlington School Committee v. Massachusetts Department of Education*, 471 U.S. 359, 370, 105 S.Ct. 1996, 2002, 85 L.Ed.2d 385 (1985). Because plaintiff sufficiently alleged immediate and irreparable harm and that no adequate administrative remedy existed, this court has subject matter jurisdiction over the complaint.

■ 20 U.S.C. § 1415(e)(4)(B) reads, in part:

In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorney's fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party.

The legislative history surrounding this amendment indicates that the term "prevailing party" in the amendment has the same meaning as similar terms in other legislation such as 42 U.S.C. § 1988. *Krichinsky v. Knox County Schools*, 963 F.2d 847, 849 (6th Cir.1992). Decisions under § 1988 have made it clear that it is not necessary for a party to secure a judgment in his favor in order to be a prevailing party. If a party achieves a substantial portion of the relief sought or succeeds on a significant issue as a result of an agreed settlement or a consent decree, this is sufficient to support an award of attorney's fees. *Othen v. Ann Arbor School Board*, 699 F.2d 309, 313 (6th Cir. 1983). A plaintiff may also qualify as the prevailing party if his lawsuit is found to be the "catalyst" which causes the defendant to

make significant changes in its past practices, although no direct relief is obtained. *Id.*

 Although it does not appear that plaintiff and defendant entered into a settlement agreement in this case, it is apparent that the institution of this lawsuit served as a catalyst which caused the defendant to provide the relief plaintiff sought: Marcus was moved almost immediately from an inappropriate placement into an appropriate one. Plaintiff obtained the relief sought by filing the complaint and is therefore the prevailing party in this action. Plaintiff is entitled to recover reasonable attorney's fees pursuant to 20 U.S.C. § 1415(e)(4)(B).

Because all other issues are moot, this action is hereby dismissed. Counsel for the parties should consult and attempt to reach a settlement regarding the reasonableness of plaintiff's attorney's fees. If counsel are unable to agree, plaintiff should submit an itemization of attorney's fees, including the cost of preparing the itemization, within ten (10) days from the date of entry of this order. Defendant will then be afforded ten (10) days to submit any opposition to the reasonableness of the itemization.

Order accordingly.

## ORDER

For the reasons set forth in the Memorandum Opinion this day passed to the Clerk for filing, it is hereby ORDERED that plaintiffs motion for designation as prevailing party [Court File # 6] is GRANTED, defendant's motion to dismiss for lack of subject matter jurisdiction [Court File # 7] is DENIED, and this action is DISMISSED AS MOOT. Plaintiff and defendant shall comply with the instructions contained in the Memorandum Opinion as they relate to itemization of attorney's fees and objections thereto.