46 F.3d 1131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Everett HADIX, et al., Plaintiffs-Appellees,
v.
Perry JOHNSON, et al., Defendants-Appellants.
 No. 94-1158.
 United States Court of Appeals, Sixth Circuit.
 Jan. 23, 1995.
 
 Before: NELSON, NORRIS, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from an award of attorney fees under 42 U.S.C. Sec. 1988(b). The issue we must decide is whether the district court erred in concluding that the plaintiffs were "prevailing" parties within the meaning of that adjective as used in the statute. We do not believe that the district court's conclusion was erroneous, and we shall therefore affirm the award.
 
 
 2
 * In 1980 Everett Hadix and others brought suit in the United States District Court for the Eastern District of Michigan to challenge the constitutionality of certain conditions of confinement at the Central Complex of the State Prison of Southern Michigan. The case, which was certified as a class action, was partially settled by a consent decree entered in 1985. Section VI of the consent decree, captioned "Access to Courts," contained provisions dealing mainly with the prison's law libraries. Section VI did not exhaust this issue: "With respect to access to the courts," the consent decree provided in paragraph 6 of the Introduction, "[t]he parties ... will submit the following questions for resolution by the Court after hearing on the merits:
 
 
 3
 * * *
 
 
 4
 * * *
 
 
 5
 1) Whether and to what extent Defendants are constitutionally required to provide attorneys to assist prisoners with legal matters.
 
 
 6
 2) If attorneys must be provided, whether and to what extent these attorneys must be independent."
 
 
 7
 The hearing on the merits was held before Judge John Feikens. On the basis of the record compiled at the hearing, Judge Feikens concluded that the defendants were required to provide attorneys for prisoners and were required to provide other forms of legal assistance as well. See Hadix v. Johnson, 694 F.Supp. 259, 291-98 (E.D.Mich.1988).
 
 
 8
 Judge Feikens' order was appealed to this court, where the appeal was consolidated with one from an order entered by Judge Richard Enslen in another prisoner class action, Knop v. Johnson, 685 F.Supp. 636 (W.D.Mich.1988). (The order in Knop dealt with conditions in four Michigan prisons, including the State Prison of Southern Michigan; insofar as the access to courts issue was concerned, prisoners in the Central Complex at the latter institution were excluded from the Knop class.) We affirmed findings by both courts that some Michigan prisoners had been denied their constitutional right of access to the courts, but we vacated both remedial orders, in whole or in part, as overly intrusive. Knop v. Johnson, 977 F.2d 996 (6th Cir.1992), cert. denied, 113 S.Ct. 1415 (1993). With regard to the question whether the State of Michigan was constitutionally required to provide attorneys for prisoners, we said, in effect, "No, but the state is constitutionally required to do more than it has been doing to assure adequate access to the courts." Both cases were sent to Judge Enslen's court for further proceedings.
 
 
 9
 Following the remand the defendants were directed to submit a plan for compliance with the decision of this court. They have submitted a proposed remedial plan, and the plan is being opposed by the plaintiffs.
 
 
 10
 In October of 1993 the plaintiffs moved the district court for entry of an order requiring the defendants to pay attorney fees and costs associated with the litigation over the access to courts issue. The defendants opposed the motion, primarily on the ground that the plaintiffs were not prevailing parties with respect to that issue. The district court concluded that the plaintiffs had prevailed to an extent sufficient to justify awarding them their reasonable fees and costs, and the plaintiffs' motion was granted. The present appeal followed. The only issue before us relates to the award of fees and costs on the access to courts issue reserved for litigation in the Hadix consent decree; we are not here concerned with the Knop case. Neither are we concerned with the reasonableness of the fees, there being no dispute on that issue.
 
 II
 
 11
 The defendants argue that the Hadix decree reserved for litigation only one issue that bears on the present appeal: whether the defendants are constitutionally required to provide attorneys to assist prisoners with legal matters. This court having answered that question in the negative, the defendants contend, the plaintiffs cannot be said to have obtained any degree of relief on the only relevant issue that had been submitted for decision.
 
 
 12
 The problem with this argument, as we see it, is that it fails adequately to take into account both the context in which the question regarding assistance by attorneys was being asked and the qualifications expressed by this court in giving a negative answer to the question. Under the consent decree, the question was not to be submitted in a vacuum; it was to be submitted only "after a hearing on the merits." It was to be submitted, moreover, in the context of a broad "access to courts" issue. This court did not purport to answer the question without regard to what the hearing record showed that the State of Michigan was doing to assure adequate access to the courts. And what the state was doing, we said in affirming the district court's findings, was not constitutionally sufficient insofar as some categories of prisoners were concerned:
 
 
 13
 "On the record before us, and finding no clear error in the facts as determined by the district courts (Enslen and Feikens, JJ.) in their thorough and well-crafted opinions, we are satisfied that there are at least some Michigan prisoners who have been denied the type of access to the courts required under current Supreme Court doctrine.
 
 
 14
 * * *
 
 
 15
 * * *
 
 
 16
 "[T]he conclusion that Michigan need not provide attorneys to prepare prisoner lawsuits does not end our inquiry. Standing alone, law libraries that are adequate for prisoners who know how to use them and who have reasonable physical access to their collections are not adequate for prisoners who cannot read and write English, or who lack the intelligence necessary to prepare coherent pleadings, or who, because of protracted confinement in administrative or punitive segregation or protective custody, may not be able to identify the books they need.... The records contain evidence of a number of specific instances where unassisted inmates suffered individualized harm because of inability to use library resources properly.
 
 
 17
 "We do not disagree with the conclusion, reached by both of the district courts, that something more was required in the way of paralegal assistance. It is fundamental that a prisoner who claims to be confined unconstitutionally must be allowed to state his case to a court. Some such prisoners, given law books and simplified pleading forms of the sort furnished by the courts, can handle the task adequately themselves. Others, for reasons fully explained in the opinions of both district courts, cannot. For prisoners of the latter sort, as a practical matter, there can be no meaningful access to the judicial system unless some literate person is available to reduce their stories to intelligible written pleadings.
 
 
 18
 To the extent that inmate writ-writers, or jailhouse lawyers, are not adequately filling the needs of prisoners who claim they are being held unconstitutionally, the state must furnish, at a minimum, the functional equivalent of jailhouse lawyers who are up to the job. This means paralegals...." Knop, 977 F.2d at 999, 1005-06.
 
 
 19
 In holding that the state must, at a minimum, furnish paralegal assistance not required by the consent decree, this court was clearly holding in favor of the plaintiffs and to their benefit on a significant issue. This means that the plaintiffs have "crossed the threshold to a fee award of some kind." Texas State Teachers Ass'n v. Garland Indep. School Dist., 489 U.S. 782, 792 (1989). Cf. Krichinsky v. Knox Cty. Sch., 963 F.2d 847, 849-50 (6th Cir.1992) ("A prevailing party is one who succeeds on any significant issue which achieves some of the benefits plaintiffs sought in bringing suit"). The Supreme Court has recently reaffirmed this liberal standard, stating that "[a] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 113 S.Ct. 566, 573 (1992).
 
 
 20
 We find nothing to the contrary in Higgs v. Bland, 888 F.2d 443 (6th Cir.1989), a case on which the defendants place considerable emphasis. The plaintiffs in Higgs did not prevail on any substantive issue and did not win any alteration of their legal relationship with defendants; the plaintiffs were thus not entitled to attorney fees under Sec. 1988. Id. at 451.[1] In the case at bar, by contrast, the plaintiffs did prevail on the substantive issue of whether there had been a denial of court access that could not be cured by library facilities alone--and the plaintiffs' legal relationship with the defendants was altered as a result.
 
 
 21
 For the reasons stated herein and in Judge Enslen's opinion of January 7, 1994, the award is AFFIRMED.
 
 
 
 [1]
 We vacated a portion of the district court order in Higgs that denied attorney fees under a consent decree provision adopting a standard different from that employed under Sec. 1988. The district court--in a passage quoted at pp. 9-10 of the defendants' brief under an apparent misapprehension as to which court was speaking--declared that the only issue on which the plaintiffs could be said to have prevailed was such a small element of the litigation that an award of attorney fees under the consent decree would be improper and unjust. This court rejected the district court's reasoning as inconsistent with the standard set forth in the consent decree itself. Id